OPINION
{¶ 1} Defendant-appellant, Jeff Elliott, appeals from the May 21, 2003 sentencing entry of the Franklin County Municipal Court finding him guilty of disorderly conduct and sentencing appellant to 30 days incarceration, suspending 28 days, applying credit for two days served, and further sentencing appellant to two years reporting probation. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On January 3, 2003, a complaint was filed in the Franklin County Municipal Court charging appellant with domestic violence, a misdemeanor of the first degree, in violation of R.C.2919.25. The complaint alleged that appellant knowingly attempted to cause physical harm to Alessia Payne. On January 3, 2003, a warrant was issued for appellant's arrest. Appellant was arrested on January 9 and arraigned on January 10, at which time appellant entered a plea of not guilty and asserted his right to a speedy trial. Appellant's case was set for pretrial on February 4, 2003. At pretrial, appellant's trial counsel withdrew from the case. Appellant requested a continuance in order to obtain new counsel. The case was continued to March 4, 2003. Appellant's counsel reentered her appearance on the case and, on March 4, 2003, the case was continued for a jury trial set for April 17, 2003.
 {¶ 3} On April 7, 2003, counsel for appellee, State of Ohio ("the state"), filed a motion and entry for continuance because the state's witness, Officer L. Shoaf, was on vacation and unavailable to testify on April 17, 2003. With telephone approval from appellant's counsel, the case was continued to May 21, 2003.
 {¶ 4} On May 13, 2003, appellant filed a "Motion to Dismiss/Request for Hearing" on speedy trial grounds under R.C. 2745.71 arguing that a total of 105 days would have elapsed from the time appellant was arrested on January 9, 2003 to the time of appellant's May 21, 2003 jury trial. As such, appellant contends that the state failed to bring him to trial within the speedy trial time limits. Therefore, appellant contends that he should be discharged pursuant to R.C. 2945.73(B).
 {¶ 5} On May 19, 2003, the state, in relying on State v.Saffell (1988), 35 Ohio St.3d 90, stated in its "Memorandum Contra Defendant's Motion to Dismiss" that because the state was granted a reasonable continuance that appellant's running of time for a speedy trial was tolled. The state argues that the continuance was reasonable under R.C. 2745.72(H) and that appellant's motion should be denied.
 {¶ 6} On May 21, 2003, the trial court denied appellant's motion. (Tr. 6.) The parties reached a plea agreement and appellant entered a plea of no contest to disorderly conduct, a misdemeanor of the fourth degree. The trial court found appellant guilty and sentenced him to 30 days incarceration, 28 days suspended, with credit for two days already served. Appellant was placed on two years of reporting probation. It is from this sentencing entry that appellant appeals, assigning the following as error:
The trial court erroneously overruled appellant's motion for discharge on speedy trial grounds.
 {¶ 7} In his sole assignment of error, appellant maintains that he was entitled to discharge because his trial did not occur within the prescribed 90-day time limit set forth in R.C.2945.71(B)(2), which provided in pertinent part:
(B) * * * [A] person against whom a charge of misdemeanor * * * is pending in a court of record, shall be brought to trial:
* * *
(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
 {¶ 8} We must discern from the record how much time had run against the state pursuant to R.C. 2945.71 in order to determine whether appellant's speedy trial rights were violated. Speedy trial statutes are strictly construed against the state.Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57; State v.Miller (1996), 113 Ohio App.3d 606.
 {¶ 9} In State v. Butcher (1986), 27 Ohio St.3d 28, the trial court held that when a defendant moves for discharge on the basis that he has not been brought to trial within the time limits set forth in R.C. 2945.71, and he presents a prima facie case that he is entitled to discharge, the burden of production of evidence shifts to the state. The state then has to prove that sufficient time was extended under R.C. 2945.72 to leave fewer than 90 days remaining within which to bring the defendant to trial.[1] See State v. Price (1997), 122 Ohio App.3d 65,State v. Geraldo (1983), 13 Ohio App.3d 27. If the state fails to produce evidence in rebuttal, then discharge, pursuant to R.C.2945.73(B), is required. Butcher, supra.
 {¶ 10} In this case, appellant was charged with a first degree misdemeanor; therefore, pursuant to R.C. 2945.71(B)(2), the relevant time period for appellant to be brought to trial is within 90 days after his arrest. Accordingly, the state was required to bring appellant to trial within 90 days unless appellant waived his right to a speedy trial and unless the time was extended for one or more of the reasons enumerated in R.C.2945.72.
 {¶ 11} Appellant was arrested on January 9, 2003, and his trial commenced on May 21, 2003. One hundred thirty-four days passed from the date of appellant's arrest to the trial date. The trial date is obviously beyond the 90-day time limit in which to bring appellant to trial as set forth in R.C. 2945.71. As such, appellant has presented a prima facie case that he was entitled to discharge. The burden of production of evidence then shifts to the state to prove that sufficient time was extended under R.C.2945.72 within which to bring appellant to trial. State v.Collins (1993), 91 Ohio App.3d 10.
 {¶ 12} Upon review of the record, we find that appellant was brought to trial well within the statutory speedy trial limits. The time constraints of R.C. 2945.71 may be extended in certain circumstances. Relevant to the present case, R.C. 2945.72 states: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * * (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 13} For purposes of computing time, R.C. 2945.71(E) provides that:
* * * [U]nder divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *
 {¶ 14} However, the date of the accused's arrest is not counted when computing time. See Crim.R. 45(A) ("the date of the act or event from which the designated period of time beings to run shall not be included"); Columbus v. Hood (Oct. 18, 1988), Franklin App. No. 87AP-1102 ("Thus, the first day of incarceration does not count as three days * * *. The first day is excluded for purposes of making computations pursuant to R.C.2945.71[E]"). Therefore, in the instant case, speedy trial time began to run on January 10, 2003, the date appellant posted bail and was released from jail. Thus, from January 10, 2003 to February 4, 2003 (date of appellant's pretrial), 28 days elapsed. On February 4, 2003, appellant requested a continuance in order to obtain new counsel. The case was continued until March 4, 2003. Therefore, another 28 days elapsed, which are chargeable against appellant for the February 4 request for continuance.
 {¶ 15} On March 4, 2003, the case was continued to April 17, 2003, the first scheduled jury trial date. During that time, 44 days elapsed, which were chargeable to the state. On April 17, 2003, the state requested a continuance due to the unavailability of its witness. Therefore, the date of the trial was continued to May 21, 2003. From April 17, 2003 to May 21, 2003, 34 days elapsed.[2]
 {¶ 16} After discerning from the record how much time had run against the state we determine that appellant's speedy trial rights were not violated. Appellant still had 18 speedy trial days remaining. The February 4, 2003 continuance granted the appellant is a tolling event pursuant to R.C. 2945.72(H). The trial court found that appellant's request was reasonable to allow appellant to retain new counsel. See State v. Hiatt
(1997), 120 Ohio App.3d 247, 259 (the delay for purposes of securing counsel tolls the operation of the speedy trial statute).
 {¶ 17} Also, the state's request for a continuance was reasonable as it was premised, in part, on the absence of one of the state's key witnesses, Officer L. Shoaf who was on vacation and unavailable for the April 17, 2003 trial. This request provides reasonable grounds for granting the continuance, again tolling the speedy trial time. See State v. Saffell (1988),35 Ohio St.3d 90 (continuance due to officer being on vacation on the original trial date was not unreasonable). A review of the record reveals that on April 7, 2003, appellant's counsel agreed to the state's continuance request "per telephone authorization 4-4-03." While appellant's counsel agrees that the continuance was reasonable, his counsel argues that the length of the continuance (six weeks) was unreasonable. (Tr. 3-4.) Appellant's counsel asserts that she was not present in the courtroom when the May 21, 2003 jury trial date was set. However, further review of the record reveals that on April 10, 2003, the trial court mailed a notice of court appearance to appellant's counsel indicating the May 21, 2003 trial date. Upon receipt of the notice of court appearance, appellant's counsel never objected to the trial date. As such, we find that the telephone approval by appellant's trial counsel was a tolling event. We agree with the state that appellant counsel's telephone approval of the continuance, waived the speedy trial rights of appellant. SeeState v. Woltz (Nov. 4, 1994), Ross App. No. 93 CA 1980 ("appellant's counsel consent on the continuance journal entries and appellant's failure to dispute the his counsel's apparent consent to the trial [date] set outside the speedy trial limits constitute an admission of waiver on the record"); State v.Saunders (1984), 23 Ohio App.3d 69, 70 (agreement to continuance waives right to speedy trial); State v. McBreen (1978),54 Ohio St.2d 315.
 {¶ 18} Finally, appellant's motion to dismiss is a tolling event pursuant to R.C. 2945.72(E). See State v. Walker (1974),42 Ohio App.2d 41 (motion filed by an accused may extend the time within which the accused may be brought to trial); State v.Cano, Franklin App. No. 03AP-58, 2003-Ohio-4957, at ¶ 7 (R.C.2945.72[E] operates to extend the speedy trial deadline for the period of the delay that the motion caused); State v. Robison
(1997), Franklin App. No. 97APA02-183 (holding that a motion to dismiss the indictment tolls the calculation of time for purposes of speedy trial time calculations). See State v. Taylor,98 Ohio St.3d 27, 2002-Ohio-7017, at ¶ 36 (delay resulting from trial counsel's request to continue the trial in order to consider appellant's motions should not be charged against the state for speedy trial purposes); State v. Bickerstaff (1984),10 Ohio St.3d 62 (any delay occasioned by the filing of motions to dismiss was properly chargeable to the accused pursuant to R.C. 2945.72[E]).
 {¶ 19} Therefore, of the 134 days, 28 days were chargeable to appellant for the continuance to retain counsel, 26 days were chargeable to the state for the continuance due to the unavailability of the state's witness, and eight days were chargeable to appellant for the filing of his motion to dismiss. See R.C. 2945.72. Appellant had 18 speedy trial days remaining. Because of these tolling events, appellant's right to a speedy trial was not violated as he was brought to trial well within the statutory time limits. Consequently, appellant's sole assignment of error lacks merit and is overruled.
 {¶ 20} For the foregoing reasons, appellant's sole assignment of error is overruled and the decision of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Bowman and Sadler, JJ., concur.
[1] {¶ a} R.C. 2945.72 provides:
{¶ b} The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
{¶ c} (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
{¶ d} (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
{¶ e} (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
{¶ f} (D) Any period of delay occasioned by the neglect or improper act of the accused;
{¶ g} (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
{¶ h} (F) Any period of delay necessitated by removal or change of venue pursuant to law;
{¶ i} (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
{¶ j} (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
{¶ k} (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.
[2] On May 13, 2003, appellant filed a motion to dismiss. On May 21, 2003, the trial court denied appellant's motion.