OPINION *Page 2 
{¶ 1} Defendant-Appellant Terry E. Kopchak appeals his conviction and sentence for operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 29, 2006, Licking County Deputy Sheriff Tankersly observed Appellant traveling eastbound on Interstate 70 at approximately 3:48 a.m. The officer observed Appellant drive over the white fog line. Dep. Tankersly activated his lights and Appellant pulled his vehicle over to the berm, pulling it to the right of the rumble strip.
 {¶ 3} The deputy exited his cruiser, walked to Appellant's vehicle and spoke with Appellant. The deputy asked Appellant where he was headed and if he had anything to drink that evening. Appellant stated that he was going home. He further stated that he had a couple of drinks earlier in the day and that he was extremely tired. Dep. Tankersly testified that he noted Appellant had a slight odor of an alcoholic beverage.
 {¶ 4} Dep. Tankersly advised Appellant to call someone for a ride home. The deputy returned to his cruiser while Appellant called his wife from his cell phone. The deputy's contact with Appellant lasted approximately two minutes.
 {¶ 5} While Dep. Tankersly and Appellant waited for Appellant's wife, Dep. Morton arrived on the scene. Dep. Morton spoke with Dep. Tankersly at Dep. Tankersly's cruiser. Dep. Morton then went to speak with Appellant at Appellant's vehicle. While speaking with Appellant, Dep. Morton testified that he noticed a moderate odor of an alcoholic beverage coming from Appellant. Based upon the traffic *Page 3 
stop and the odor of an alcoholic beverage, Dep. Morton decided to ask Appellant to submit to some field sobriety tests.
 {¶ 6} The officer asked Appellant to exit his vehicle and move to the passenger side of his vehicle. As Appellant walked to the other side of the car, Dep. Morton testified that he observed that Appellant appeared unsteady on his feet. Appellant placed his hand on his car when moving to the passenger side and appeared to be swaying from side to side.
 {¶ 7} Dep. Morton told Appellant that he was going put him through field sobriety tests to determine if Appellant was impaired. Appellant refused to submit to the tests. Dep. Morton asked Appellant if he would submit to a breath test. Appellant also refused to take the breath test. Dep. Morton read Appellant the BMV 2255 form and placed Appellant under arrest for OVI. Dep. Morton also charged Appellant with weaving outside of marked lanes, a minor misdemeanor.
 {¶ 8} Appellant was arraigned on May 3, 2006 and pleaded not guilty to each charge. Appellant filed a jury demand on May 17, 2006. The trial court scheduled the jury trial for July 17, 2006.
 {¶ 9} On July 10, 2006, Appellee filed a motion to continue because Dep. Morton, a witness for the prosecution, would be on vacation on July 17, 2006. Appellant did not file a response to the motion to continue. The trial court granted the motion to continue on July 13, 2006 and continued the trial to July 31, 2006.
 {¶ 10} On July 24, 2006, Appellant filed a motion to continue. Appellee did not respond to the motion. The trial court granted the motion on July 28, 2006 and continued the trial date to August 14, 2006. *Page 4 
 {¶ 11} Appellee filed another motion to continue on August 2, 2006 due to the vacation schedule of Dep. Morton. Appellant filed a response to the motion on August 3, 2006. On August 7, 2006, the trial court found the motion to continue to be reasonable based upon R.C. 2945.72(H) and rescheduled the trial date for September 18, 2006.
 {¶ 12} On September 13, 2006, Appellant filed a Motion to Dismiss pursuant to R.C. 2945.71(B)(2). There is no record of the trial court's ruling on the motion, but Appellant states the trial court denied the motion on September 18, 2006. The case proceeded to trial on September 18, 2006. The jury found Appellant guilty of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a). The trial court also found Appellant guilty of the weaving outside the marked lanes charge.
 {¶ 13} Appellant filed a timely notice of appeal and raises four Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS BECAUSE HE WAS DENIED A SPEEDY TRIAL.
 {¶ 15} "II. THE CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 {¶ 16} "III. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S CRIM.R. 29 MOTIONS MADE AT THE END OF THE STATE'S CASE, AND AT THE CLOSE OF ALL TESTIMONY.
 {¶ 17} "IV. THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 5 
 I. {¶ 18} Appellant argues in his first Assignment of Error the trial court should have granted his motion to dismiss as he was denied his right to a speedy trial under R.C. 2945.73. We disagree.
 {¶ 19} R.C. 2945.71(B)(2) provides in pertinent part:
 {¶ 20} "* * *[A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 21} * * *
 {¶ 22} Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
 {¶ 23} We must review the record to determine how much time had run against the state pursuant to R.C. 2945.71 in order to determine if Appellant's speedy trial rights were violated. State v. Elliott, 10th Dist. No. 03AP-605, 2004-Ohio-2134, at ¶ 8. "Upon appellate review, a speedy trial issue raises a mixed question of fact and law. We accept the facts found by the trial court on some competent credible evidence, but freely review the application of the law to the facts." State v. Hersman (Nov. 13, 1998), 5th Dist. No. 98 CA 59 citing State v. Woltz (Nov. 4, 1994), 4th Dist. No. 93CA1980.
 {¶ 24} Speedy trial statutes are strictly construed against the state.Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706;State v. Miller (1996), 113 Ohio App.3d 606, 681 N.E.2d 970. A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31, *Page 6 
500 N.E.2d 1368. Once this has been established, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72 to leave fewer than 90 days remaining within which to bring the defendant to trial. Id. at 31. If the state fails to produce evidence in rebuttal under R.C.2945.72, then discharge pursuant to R.C. 2945.73(B), is required. Id.
 {¶ 25} In the case sub judice, Appellant was charged with a first degree misdemeanor. The state was required to bring Appellant to trial within 90 days unless Appellant waived his right to a speedy trial or unless the time was extended by one or more of the reasons enumerated in R.C. 2945.72. Appellant was arrested on April 29, 2006. His trial commenced on September 18, 2006. We calculate 142 days passed from the date of Appellant's arrest to the trial date. The trial date is beyond the 90-day time limit in which to bring Appellant to trial as set forth in R.C. 2945.71. As such, Appellant has presented a prima facie case that he was entitled to discharge. The burden of production shifts to the state to prove that sufficient time was extended under R.C. 2945.72
within which to bring Appellant to trial. State v. Elliott, 10th Dist. No. 03AP-605, 2004-Ohio-2134, at ¶ 11 citingState v. Collins (1993), 91 Ohio App.3d 10, 631 N.E.2d 666.
 {¶ 26} Upon review of the record, we find the state brought Appellant to trial within the statutory speedy trial limits. Under R.C. 2945.72, the time constraints of R.C. 2945.71 can be extended under certain circumstances. R.C. 2945.72 states in pertinent part:
 {¶ 27} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing or trial, may be extended only by the following: *Page 7 
 {¶ 28} * * *
 {¶ 29} (E) Any period of delay necessitated by reason of a pleas in bar or abatement, motion, proceeding, or action made by or instituted by the accused;
 {¶ 30} * * *
 {¶ 31} (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *"
 {¶ 32} We first note that for purposes of computing time, the date of the accused's arrest is not counted when computing time. State v.Elliott, at ¶ 14 citing Crim.R. 45(A).
 {¶ 33} The trial court continued the Appellant's trial three times, 52 days beyond the speedy-trial deadline. Two of the continuances were based upon the state's motion. In its motions, the state explained Dep. Morton, an essential witness, would be on vacation and unavailable for the July 17, 2006 and August 14, 2006 trials.
 {¶ 34} Under R.C. 2945.72(H), continuances granted on the state's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. State v.Saffell (1988), 35 Ohio St.3d 90, 91, 518 N.E.2d 934. The record must affirmatively demonstrate that the continuance was reasonable and necessary. Id. A continuance must be journalized before the expiration of the time limit specified in R.C. 2945.71. State v. King (1994),70 Ohio St.3d 158, 162, 637 N.E.2d 903, citing State v. Mincy (1982),2 Ohio St.3d 6, 441 N.E.2d 571, syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. State v. Lee (1976), *Page 8 
48 Ohio St.2d 208, 210, 357 N.E.2d 1095. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes `reasonableness' beyond the ninety-day stricture of R.C. 2945.71. Invariably resolution of such a question depends on the peculiar facts of a particular case."Saffell at 91, 518 N.E.2d 934.
 {¶ 35} In the case sub judice, the trial court granted the state's request for a continuance because Dep. Morton was unavailable to testify on July 17, 2006 and August 14, 2006. The Ohio Supreme Court held, inSaffell, that a continuance based on the fact that the arresting officer would be on vacation at the time of trial was not unreasonable.Id. at 92, 518 N.E.2d 934. We find the trial court's decision to grant the state a continuance due to the unavailability of Dep. Morton was reasonable and necessary and therefore, tolled the running of speedy trial time under R.C. 2945.72(H). Further, the trial court granted the state's request for a continuance prior to the expiration of the 90 day deadline.
 {¶ 36} Appellant also filed a motion to continue the trial date scheduled for July 31, 2006. Pursuant to R.C 2945.72(H), this also tolls the running of the speedy trial time.
 {¶ 37} Finally, Appellant's motion to dismiss filed on September 13, 2006 is also a tolling event pursuant to R.C. 2945.72(E). State v.Elliott, at ¶ 18.
 {¶ 38} Therefore of the 142 days, fifteen days were chargeable to Appellant for his motion for continuance, 51 days were chargeable to the state for its motions for continuance, and six days were chargeable to Appellant for his motion to dismiss. We find Appellant had twenty speedy trial days remaining. Based on these tolling events, *Page 9 
Appellant's right to a speedy trial was not violated as he was brought to trial within the statutory time limits.
 {¶ 39} Accordingly, Appellant's first Assignment of Error is overruled.
 II., III. IV. {¶ 40} Because Appellant's second, third and fourth Assignments of Error concern the sufficiency and the weight of the evidence, we will address these Assignments of Error together.
 {¶ 41} Criminal Rule 29(A) requires a trial court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses. The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus:
 {¶ 42} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 43} When a defendant challenges the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis sic.) Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. A verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the *Page 10 
conclusion reached by the trier of fact. Jenks, 61 Ohio St.3d at 273,574 N.E.2d at 503; State v. Getsy (1998), 84 Ohio St.3d 180,183, 1998-Ohio-533, 702 N.E.2d 866,882.
 {¶ 44} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. This inquiry requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction. This inquiry is separate from the examination for sufficiency. The question is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169, 10 O .O.3d 340, 383 N.E.2d 132, at syllabus; State v. Getsy, supra 84 Ohio St.3d at 193-194, 1998-Ohio-533,702 N.E.2d at 881.
 {¶ 45} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735. *Page 11 
 {¶ 46} Appellant argues in the remaining Assignments of Error the evidence presented at trial was insufficient to support his conviction. We disagree.
 {¶ 47} The jury found Appellant guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(1)(a). R.C. 4511(A)(1)(a) states as follows:
 {¶ 48} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 49} (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 50} Appellant states the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he was under the influence of alcohol on April 29, 2006.
 {¶ 51} Dep. Tankersly witnessed Appellant drive over the white fog line. (T. at 47). Dep. Tankersly and Dep. Morton both testified they noticed that when they spoke with Appellant, Appellant had an odor of an alcoholic beverage. (T. at 47, 74). Dep. Morton testified that when Appellant walked to the passenger side of his vehicle, Appellant appeared to be unsteady on his feet. (T. at 76). He observed Appellant swaying from side to side while Appellant spoke to him. (T. at 76). When Dep. Morton asked Appellant to submit to field sobriety tests and/or the breath test, Appellant refused. (T. at 77). The Supreme Court of Ohio has held that a defendant's refusal to submit to a breath test is admissible and probative of intoxication at the time of the refusal.Westerville v. Cunningham (1968), 15 Ohio St.2d 121. *Page 12 
 {¶ 52} We conclude the testimony of the two deputies provided substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that Appellant was under the influence of alcohol.
 {¶ 53} Accordingly, Appellant's second, third and fourth Assignments of Error are overruled.
 {¶ 54} The judgment of the Licking County Municipal Court is hereby affirmed.
 Delaney, J. Wise, J., concur. Hoffman, P.J. concurs separately. *Page 13