OPINION
{¶ 1} Appellant Brandon M. Skinner appeals his conviction in the Licking County Municipal Court.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On February 25, 2005, during the early morning hours, Appellant, William A. Ashbrook, was stopped by Sgt. Boudinot of the Johnstown Police Department, in the Village of Johnstown, Ohio. Sgt. Boudinot effected said stop after he observed the Appellant's vehicle swerve and nearly hit a parked car, cross the center line numerous times, fail to stop after the police car's lights were turned on, nearly drive into a ditch, swerve at the last possible moment to avoid a collision with a guardrail and then still continue to proceed despite the efforts of Sgt. Boudinot to stop him. Finally, Appellant did bring his vehicle to a stop.
 {¶ 4} Appellant could not initially unlock the car, was very uncoordinated and refused to exit the vehicle. Sgt. Boudinot, with backup by Officer Gifford, also of the Johnstown Police Department, was able to remove Appellant from the vehicle and, after a struggle, handcuff him. During that time an extremely strong odor of an alcoholic beverage was emanating from Appellant. Appellant was verbally abusive and *Page 3 
threatening, with such behavior continuing at the scene, throughout his transport to the police department, throughout his processing at the police department and during his transport to the Licking County Justice Center. While at the police department, Appellant destroyed, by kicking, a substantial amount of drywall and electrical outlets.
 {¶ 5} As a result, on March 3, 2005, the Appellant was indicted on felony vandalism, resisting arrest, a marked lanes violation, misdemeanor driving under the influence, and failure to comply with the order or signal of a police officer.
 {¶ 6} On September 2, 2005, pursuant to a motion filed by the Assistant County Prosecutor and based upon difficulties in proving the felony offenses, the Common Pleas Court dismissed all of the charges. Appellant was initially issued a citation, but the same was never filed with the court, presumably due to the indictments.
 {¶ 7} Thereafter followed several months of negotiations between the State and counsel for Appellant. A resolution was not reached and so, by agreement, on March 9, 2006, Appellant appeared at the Village of Johnstown offices and was personally served with a new citation and criminal charges.
 {¶ 8} Appellant was summonsed to appear for arraignment at the Johnstown Mayor's Court on March 23, 2006.
 {¶ 9} Appellant requested a continuance of the March 23, 2006, arraignment and such was continued to April 13, 2006.
 {¶ 10} On April 13, 2006, Appellant, together with counsel, appeared at said arraignment and was served with an additional criminal charge for Failure to Comply.
 {¶ 11} At that time Appellee moved to transfer jurisdiction to the Licking County Municipal Court. Appellant did not consent to the transfer. The Magistrate conditionally *Page 4 
granted the motion subject to Appellant's right to submit a memorandum contra on or before April 21, 2006.
 {¶ 12} Appellant did not submit a memorandum contra and, on April 25, 2006, the Magistrate signed a Transfer of Jurisdiction Order directing the clerk to certify all original documents and related information to the Licking County Municipal Court, which was docketed on May 1, 2006.
 {¶ 13} On April 26, 2006, the Clerk signed a Certification with regard to said order of transfer.
 {¶ 14} On May 1, 2006, the pleadings were transferred to and filed in the Licking County Municipal Court.
 {¶ 15} On May 30, 2006, Appellant filed two separate motions to suppress.
 {¶ 16} On June 6, 2006, Appellant filed a motion to dismiss for lack of jurisdiction.
 {¶ 17} On August 18, 2006, all pending motions of Appellant were addressed by the trial court and overruled.
 {¶ 18} On August 22, 2006, the trial court scheduled the case for a pretrial conference on September 29, 2006 and jury trial on October 2, 2006.
 {¶ 19} On September 29, 2006, the date of the pretrial conference, Appellant filed two separate new motions to dismiss.
 {¶ 20} On October 12, 2006, the trial court overruled those motions and noted that ". . . most, if not all, of the delays in this case can be charged to the Defendant
 {¶ 21} On October 18, 2006, the case was again set for a jury trial to be held on November 9, 2006.
 {¶ 22} On November 8, 2006, Appellant filed another motion to dismiss. *Page 5 
 {¶ 23} On November 9, 2006, an oral hearing was held on that motion in lieu of the scheduled trial. Again, the trial court overruled the defendant's motion. The State and Appellant, through counsel, entered into an agreement whereby certain charges would be dismissed and Appellant would enter pleas to the remaining charges. Pursuant to said agreement, Appellant entered a plea to one count of OVI and one count of Criminal Damaging (damage to wall of police department). A stay of execution of sentence was granted.
 {¶ 24} On December 1, 2006, the State filed its Motion to Dismiss the remaining charges of Failure to Comply, Criminal Damaging (damage to power cord), Carrying a Concealed Weapon, Obstruction of Official Business and Resisting Arrest.
 {¶ 25} On December 4, 2006, Appellant moved to supplement the record relative to the motion hearing. Counsel for Appellant submitted an Affidavit with his brief, to supplement the record. That motion was denied on December 15, 2006
 {¶ 26} By Judgment Entry filed December 13, 2006, the trial court granted the State's motion to dismiss the above charges.
 {¶ 27} On January 30, 2006, A Nunc Pro Tunc Entry was filed including the marked lanes violation in said dismissal.
 {¶ 28} Appellant now appeals, herein raising the following sole Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 29} "I. THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT APPELLEE'S (SIC) MOTION TO DISMISS AND DISCHARGE DEFENDANT ON THREE SEPARATE OCCASSIONS (SIC)." *Page 6 
 I. {¶ 30} In his sole Assignment of Error, appellant argues that the trial court erred in denying his motions to dismiss. We agree.
 {¶ 31} Appellant's motions to dismiss were based on (1) improper transfer from mayor's Court; (2) violations of Appellant's right to a speedy trial. We shall first address Appellant's argument as it concerns the transfer from the Village of Johnstown Mayor's Court to the Licking County Municipal Court.
 {¶ 32} Appellant argues, initially that the transfer from the Village of Johnstown Mayor's Court to the Licking County Municipal Court was not properly certified. Appellant argues that "both the "transfer" and the "certification" must be signed by the mayor or magistrate". (Appellant's brief at 18).
 {¶ 33} We find said argument unpersuasive. The Magistrate signed a Transfer of Jurisdiction order on April 25, 2006, which was docketed on May 1, 2006. Said order contained the following directive:
 {¶ 34} "The Clerk is hereby ordered to certify all original documents filed in this case and together with a transcript of all proceedings, accrued costs, and bond posted by the Defendant, to transfer this case to the Municipal Court of Licking County, Newark, Ohio for further Proceedings in accordance with law."
 {¶ 35} On May 1, 2006, pursuant to such Order, the Clerk of Court filed a Certification, signed by her on April 26, 2006, stating:
 {¶ 36} "I, Regina A. Hunt, hereby certify that I am the Clerk of Court of the Village of Johnstown and the Official custodian of all of the files and records of the Mayor's Court of the village of Johnstown, and that the attached documents constitute the entire *Page 7 
file in the above-noted matter which is hereby transferred to the Licking Municipal Court."
 {¶ 37} We find that the above procedure complies with R.C. §1905.032(B)(1), which states that upon the transfer of a case by a mayor:
 {¶ 38} "The mayor shall certify all papers filed in the case, together with a transcript of all proceedings, accrued costs to date, and the recognizance given, to the court to which the case is transferred."
 {¶ 39} We shall next address Appellant's speedy trial arguments.
 {¶ 40} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 41} The right to a speedy trial is encompassed within theSixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v.Ladd (1978), 56 Ohio St.2d 197, 383 N.E.2d 579; State v. Pachay (1980),64 Ohio St.2d 218, 416 N .E.2d 589. Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial. Pachay, supra. *Page 8 
 {¶ 42} Our initial task in reviewing a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. § 2945.71.
 {¶ 43} R.C. § 2945.71(B)(2) provides in pertinent part:
 {¶ 44} "* * *[A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 45} * * *
 {¶ 46} Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
 {¶ 47} We must review the record to determine how much time had run against the State pursuant to R.C. § 2945.71 in order to determine if Appellant's speedy trial rights were violated. State v. Elliott, 10th Dist. No. 03AP-605, 2004-Ohio-2134, at ¶ 8.
 {¶ 48} "Upon appellate review, a speedy trial issue raises a mixed question of fact and law. We accept the facts found by the trial court on some competent credible evidence, but freely review the application of the law to the facts." State v. Hersman (Nov. 13, 1998), 5th Dist. No. 98 CA 59 citing State v. Woltz (Nov. 4, 1994), 4th Dist. No. 93CA1980.
 {¶ 49} Speedy trial statutes are strictly construed against the State.Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706;State v. Miller (1996), 113 Ohio App.3d 606, 681 N.E.2d 970. A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. § 2945.71. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31, *Page 9 
500 N.E.2d 1368. Once this has been established, the burden shifts to the state to show that the time limit was extended under R.C. § 2945.72 to leave fewer than 90 days remaining within which to bring the defendant to trial. Id. at 31. If the State fails to produce evidence in rebuttal under R.C. § 2945.72, then discharge pursuant to R.C. § 2945.73(B), is required. Id.
 {¶ 50} In the case sub judice, Appellant was charged with a first degree misdemeanor. The State was required to bring Appellant to trial within 90 days unless Appellant waived his right to a speedy trial or unless the time was extended by one or more of the reasons enumerated in R.C. § 2945.72.
 {¶ 51} The time parameters in this case are from May 1, 2006 (the date of the transfer to Licking County Municipal Court) to November 9, 2006 (the scheduled trial date, upon which appellant entered his plea). We calculate 192 days passed from the date of transfer to the trial date. The trial date was therefore beyond the 90-day time limit in which to bring Appellant to trial as set forth in R.C. § 2945.71. As such, Appellant has presented a prima facie case that he was entitled to discharge. The burden of production shifts to the State to prove that sufficient time was extended under R.C. § 2945.72 within which to bring Appellant to trial. State v. Elliott, 10th Dist. No. 03AP605,2004-Ohio-2134, at ¶ 11 citing State v. Collins (1993),91 Ohio App.3d 10, 631 N.E.2d 666.
 {¶ 52} Under R.C. § 2945.72, the time constraints of R.C. § 2945.71
can be extended under certain circumstances. R.C. § 2945.72 states in pertinent part:
 {¶ 53} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing or trial, may be extended only by the following: *Page 10 
 {¶ 54} * * *
 {¶ 55} (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made by or instituted by the accused;
 {¶ 56} * * *
 {¶ 57} (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *"
 {¶ 58} The time within which the defendant must be brought to trial may be extended by any motions filed by the defendant which cause a necessary delay. R.C. § 2945.72(E). However, only that time reasonably necessary is chargeable to the defendant. State v. Arrizola (1992),79 Ohio App.3d 72, 606 N.E.2d 1020 and State v. Branham (Oct. 8, 1987), Paulding App. No. 11-85-9, unreported.
 {¶ 59} We find the relevant timeline to be as follows:
 {¶ 60} May 1, 2006 — May 30, 2006: (29 days chargeable against State).
 {¶ 61} May 30, 2006 — Appellant's Motions to Suppress (2) filed
 {¶ 62} June 6, 2006 — Appellant's Motion to Dismiss filed
 {¶ 63} August 18, 2006 — trial court overruled pending motions. (Time tolled 80 days).
 {¶ 64} August 22, 2006 — September 29, 2006. (42 days chargeable against State).
 {¶ 65} September 29, 2006, Appellant's Motions to Dismiss (2) filed
 {¶ 66} October 12, 2006 — trial court overruled motions to dismiss. (Time tolled 13 days). *Page 11 
 {¶ 67} October 12, 2006 — November 8, 2006 (27 days chargeable against State).
 {¶ 68} November 8, 2006 — Appellant's Motion to Dismiss filed.
 {¶ 69} November 9, 2006 — trial court overruled Motion to Dismiss (time tolled 1 day).
 {¶ 70} November 9, 2006 — Appellant enters pleas.
 {¶ 71} There were also at least two continuances of the trial date in this case, all of which were necessitated by the filing of Appellant's Motions to Suppress or Motions to Dismiss. One continuance of an oral hearing was based on the unavailability of the Prosecutor due to a previously scheduled trial. However, there are no written motions for continuance of the trial in the record. It appears from Appellee's brief and the comments made by the trial court at the Change of Plea hearing, that the trial court, in an effort to be accommodating to the attorneys who appear before such court, did not require such attorneys to file formal, written motions for continuances, but instead may have moved such dates upon oral request and/or upon agreements reached by the parties.
 {¶ 72} Unfortunately for the trial judge, this is a classic case of "no good deed goes unpunished". While a defendant's request for a continuance extends the speedy trial time limit, here, the trial court's Orders rescheduling the trial dates make no mention of who requested a continuance of the trial or the reasonableness of such continuance. Rather, the continuance entry merely indicates that the trial court continued the pre-trial conference and trial date. Because we construe the speedy trial statutes strictly against the State, the above discrepancy precludes us from concluding that speedy trial time extended under R.C. § 2945.72(H) on the basis that appellant asked for a continuance. *Page 12 
 {¶ 73} Therefore of the 192 days which elapsed between the transfer of this case to Licking County Municipal Court and Appellant's pleas of no contest, 94 days were chargeable to Appellant for his motions to suppress and multiple motions to dismiss, leaving 98 days chargeable to the State. Based on these calculations, we find that Appellant's right to a speedy trial was as he was brought to trial within the statutory time limits.
 {¶ 74} Upon review of the record, we find that the State did not bring Appellant to trial within the statutory speedy trial limits and Appellant is therefore entitled to discharge.
 {¶ 75} Appellant's sole assignment of error is sustained, and this case is reversed and final judgment is entered for Appellant.
Wise, J. Gwin, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio, is reversed and final judgment is entered for Appellant.
 Costs assessed to Appellee. *Page 1