[Cite as *State v. Travers*, 2024-Ohio-3076.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TYRELL M. TRAVERS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0037**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 22 CR 13

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* for Plaintiff-Appellee and

*Atty. Jeffrey Jakmides* and *Atty. Julie A. Jakmides,* for Defendant-Appellant.

Dated: August 13, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Tyrell M. Travers, appeals from a Columbiana County Common Pleas Court judgment convicting him of aggravated murder, following a jury trial. Appellant now contends his trial counsel was ineffective for failing to move for a discharge on the basis of a violation of his speedy trial rights. Because a motion to discharge based on speedy trial grounds would have been denied, Appellant's ineffective assistance of counsel claim fails. Appellant's conviction is affirmed.

{¶2} Appellant was implicated in the murder of Dion McMillon, which occurred on May 19, 2021. On January 13, 2022, a Columbiana County Grand Jury indicted Appellant on one count of aggravated murder, an unclassified felony in violation of R.C. 2903.01(A), with an accompanying firearm specification; one count of murder, an unclassified felony in violation of R.C. 2903.02(A), with an accompanying firearm specification; and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B).

{¶3} Appellant was arrested on January 21, 2022. He entered a not guilty plea to the charges. Appellant remained in jail awaiting trial. He sought several continuances. Trial was set to commence on February 21, 2023.

{¶4} That morning, Plaintiff-Appellee, the State of Ohio, filed a motion to continue. For cause, the State stated that it had intended to call Bureau of Criminal Identification and Investigation (BCI) Special Agent Ashley Ornelas. Agent Ornelas had processed the crime scene. Agent Ornelas had been on disability leave in the months leading up to the trial and was supposed to be reinstated from her leave on February 19, 2023. But late in the afternoon of Friday, February 17, the State was notified that Agent Ornelas would not be able to testify because her ongoing medical issue required an extension of her disability leave. After discussions with Agent Ornelas' supervisor, the State learned that Agent Ornelas would likely not be reinstated and available until the second week in April. The State then reached out to defense counsel to inform him of the situation. It then filed its motion to continue the trial.

{¶5} The trial court held a status conference on February 21, 2023, where it addressed the State's motion. The court noted that Appellant did not object to the

continuance. Due to the availability of defense counsel and the prosecutor, the court set the trial for May 23, 2023.

{¶6} The matter proceeded to a jury trial as scheduled on May 23, 2023. The State dismissed the tampering with evidence count. The jury returned a guilty verdict on both remaining counts and specifications. At a subsequent sentencing hearing, the trial court sentenced Appellant to life in prison without parole on the aggravated murder conviction and three years on the firearm specification. It found that the murder conviction and accompanying firearm specification merged with the aggravated murder conviction and firearm specification.

{¶7} Appellant filed a timely notice of appeal on July 12, 2023. He now raises a single assignment of error for our review.

{¶8} Appellant's sole assignment of error states:

> APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION. TRIAL COUNSEL'S FAILURE TO MOVE FOR DISCHARGE UNDER R.C. 2945.73 BASED ON A VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL WAS CLEARLY DEFICIENT, AS APPELLANT'S TRIAL WAS HELD WELL OUTSIDE OF THE STATUTORILY REQUIRED TIME FRAME.

{¶9} Appellant argues that a 90-day continuance granted to the State on the eve of trial due to the State's witness being unavailable was not a reasonable continuance as contemplated by R.C. 2945.72(H). He points out that the speedy trial statute must be construed against the State.

{¶10} Appellant goes on to argue that his counsel's failure to move for discharge on speedy trial grounds constituted ineffective assistance of counsel. He notes that he was incarcerated during the entire time he was awaiting trial. Appellant points out that once a defendant has made a prima facie showing that the speedy trial clock has been

exceeded, the burden shifts to the State to prove otherwise. Because he claims his speedy trial clock had been exceeded, Appellant asserts he was clearly prejudiced by his counsel's failure to file a motion for discharge.

{¶11} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id*. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

{¶12} Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In Ohio, a licensed attorney is presumed competent. *Id*.

{¶13} Here, in order to show prejudice, Appellant would have to demonstrate that had his trial counsel filed a motion for discharge on speedy trial grounds, the trial court would likely have granted it.

{¶14} Ohio recognizes both a constitutional and a statutory right to a speedy trial. *State v. King*, 70 Ohio St.3d 158, 161 (1994); *see also* Sixth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution. The Sixth Amendment of the U.S. Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The General Assembly has embodied this fundamental right in the provisions of R.C. 2945.71 to 2945.73; R.C. 2945.71; R.C. 2945.72; R.C. 2945.73. Thus, the Ohio Supreme Court has found the statutory speedy-trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy-trial provisions. *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶15} R.C. 2945.71 provides the timeframe for a defendant's right to a speedy trial based on the level of offense. Appellant was indicted on felony counts. According to the Ohio Revised Code, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2).

However, each day the defendant spends in jail solely on the pending criminal charge counts as three days. R.C. 2945.71(E). This is known as the "triple-count" provision.

{¶16} R.C. 2945.72 lists a number of tolling events that may extend the period of time in which the prosecution must bring a defendant to trial. R.C. 2945.72(A)-(I). If the State fails to meet the statutory time limits, then the trial court must discharge the defendant. R.C. 2945.73. The Ohio Supreme Court has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy-trial statutes. *State v. Singer*, 50 Ohio St.2d 103, 105 (1977). As such, the speedy-trial provisions are strictly construed against the State. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996); *Singer* at 105.

{¶17} Consequently, the role of the reviewing court is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set forth in the Revised Code. *State v. Hart*, 2007-Ohio-3404, ¶ 8-9 (7th Dist.), citing *State v. High*, 2001-Ohio-3530 (7th Dist.). Moreover, this duty is not affected by whether the State raised certain filings as tolling events. *State v. Williams*, 2008-Ohio-1532, ¶ 38 (7th Dist.).

{¶18} Upon demonstrating that the statutory time limit has expired, the defendant has established a prima facie case for violation of his speedy-trial rights, thereby warranting dismissal. *State v. Butcher*, 27 Ohio St.3d 28, 30-31 (1986). If the defendant can make this showing, the State then has the burden to establish any exceptions that may have suspended the speedy-trial clock. *Butcher* at 31. As such, the resolution of Appellant's assigned error requires scrutinizing the record to ascertain the tolling potential of each relevant event.

{¶19} Appellant was arrested on January 21, 2022, and remained incarcerated until he was brought to trial. Thus, the triple-count provision applies in this case and the State had 90 days to bring Appellant to trial. Appellant's speedy trial clock began to run on January 22, 2022, the day after he was arrested. *State v. Cross*, 2023-Ohio-2286, ¶ 20 (7th Dist.).

{¶20} On January 27, 2022, Appellant filed a motion for discovery. Discovery requests by the defendant are tolling events pursuant to R.C. 2945.72(E). *State v. Brown*, 2002-Ohio-7040, ¶ 22. At this point, six days had expired on his speedy trial clock.

{¶21} The State responded to discovery on March 11, 2022. Thus, the speedy trial clock began to run again. Trial was set for April 19.

{¶22} On April 11, 2022, Appellant requested a continuance. It is well-settled that a defendant's speedy-trial right may be waived by defense counsel for extensions to prepare for trial, as well as conflicts in defense counsel's schedule. *State v. McBreen*, 54 Ohio St.2d 315 (1978). At this point, 38 days had expired on the speedy trial clock. The trial court granted Appellant's request and set the trial for September 27, 2022.

{¶23} On September 12, 2022, Appellant and the State jointly requested a continuance. Joint motions for continuance toll an appellant's speedy trial time. *State v. Canty*, 2009-Ohio-6161, ¶ 83 (7th Dist.). The trial court granted the request and set the trial for February 22, 2023. Appellant's speedy trial clock remained at 38 days.

{¶24} On February 21, 2023, the State filed a motion to continue. The State explained that it had intended to call BCI Agent Ornelas to testify as to the chain of custody of the evidence. Agent Ornelas was the only agent who had processed the crime scene. Agent Ornelas had been on medical disability leave in the months leading up to the trial and was supposed to be reinstated from her leave on February 19, 2023. So the State had expected she would be able to testify at the February 22 trial. But at 3:00 p.m. on Friday, February 17, the State was notified that Agent Ornelas would not be able to testify because her ongoing medical issue required an extension of her disability leave. The prosecutor reached out to defense counsel to inquire if he might be willing to stipulate to certain chain of custody issues so that the trial could go forward as scheduled without Agent Ornelas. But defense counsel was unwilling to enter the stipulations as he did not believe that was in Appellant's best interest. After discussions with Agent Ornelas' supervisor, the State learned the agent would likely not be reinstated and available until the second week in April. It then filed its motion to continue the trial.

{¶25} Agent Ornelas was to be reinstated from disability leave in the second week of April. In discussing when to set the trial, the court was informed that defense counsel was unavailable the weeks of April 10, 17, and 24. And the State was unavailable the weeks of May 1 and 8. Thus, the court scheduled the trial for May 22.

{¶26} Speedy trial time is tolled for "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). Because the trial

court granted the continuance on the State's motion, and not Appellant's motion, this case turns on whether a continuance was "reasonable" under the circumstances. If the continuance was reasonable, Appellant's speedy trial clock was tolled until the May 22 trial date and he was brought to trial within the speedy trial time. But if the continuance was unreasonable, then the number of days to bring Appellant to trial exceeded the speedy trial time.

**{¶27}** The unavailability of a State's witness is a reasonable basis for a continuance. *State v. Christian*, 2014-Ohio-2590, ¶ 18 (7th Dist.), citing *State v. Sedlak*, 2011-Ohio-870, ¶ 14 (11th Dist.). As the Eleventh District point out in *Sedlak*:

> Courts . . . have repeatedly held that continuances sought pursuant to R.C. 2945.72(H) are reasonable if they are occasioned by witness unavailability. *See State v. Saffell* (1988), 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (arresting officer on vacation); *State v. Green*, 11th Dist. No.2003-A-0111, 2005-Ohio-6715, at ¶ 35 (absence of "key witness"); *State v. Baker*, 12th Dist. No. CA2005-05-017, 2006-Ohio-2516, at ¶ 35 (unavailability of key prosecution witness); *State v. Elliott*, 10th Dist. No. 03AP-605, 2004-Ohio-2134, at ¶ 17 (absence of one of the state's key witnesses); *State v. Jones* (Aug. 31, 1994), 4th Dist. No. 93CA1989, 1994 Ohio App. LEXIS 4031, *9 (unavailability of critical witness due to illness).

Thus, it is clear that witness unavailability constitutes a reasonable basis for a continuance.

**{¶28}** Here Agent Ornelas' unavailability was caused by a medical disability leave. This was out of her control and certainly out of the State's control. The State had anticipated the agent was to be released from her disability on February 19 and would be available to testify at the February 22 trial. Under these circumstances, the continuance was reasonable. Therefore, the time of the continuance was tolled and Appellant was brought to trial within the speedy trial time. It should be noted, however, that the trial court must be keenly aware of the time constraints at every stage of the proceedings. It was evident that defense counsel and the State had several scheduling conflicts that, while

not ideal, caused a three-month delay. Given these facts, the delay cannot be called unreasonable.

{¶29} Given the above analysis, we cannot say Appellant's counsel was ineffective for failing to file a motion to discharge based on speedy trial grounds. The trial court would have denied the motion because the State's requested continuance was reasonable under the circumstances.

{¶30} Accordingly, Appellant's sole assignment of error is without merit and is overruled.

{¶31} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**