JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Mike Jones, pro se, appeals the trial court's denial of his petition for postconviction relief. Defendant and two of his companions were convicted of murder for the death of twelve-year-old Warren Culbreath. Warren was innocently killed when he was struck by a bullet which came through the wall of his home. Defendant admitted to the police that he had fired at rival gang members in a white car on the street but claims that he did not fire in the direction of Warren's house.
 {¶ 2} Defendant's direct appeal was denied (State v. Jones,
Cuyahoga App. No. 80737, 2002-Ohio-6045) as was his subsequent motion to reopen the appeal. He then filed his petition for postconviction relief in which he claimed that his counsel was ineffective for failing to interview and present an alibi witness who allegedly would testify that defendant had been running away when the shots were fired and that the occupants of a white car were shooting at the house. Defendant attached an affidavit from this witness to his petition. The trial court denied his petition without a hearing.
 {¶ 3} Defendant timely appealed, stating one assignment of error:
The trial court abused its discretion and violated appellants[sic] Fourteenth amendment rights under the united statesconstitution and article i section 10 of the ohio constitution bydismissing appellants [SIC] petition for post-conviction reliefpursuant to o.r.c. 2953.21 after appellant showed a prima facieshowing of how he received ineffective assistance of trialcounsel for counsels [SIC] failure to investigate and call avital defense witness who's [sic] Testimony could have exoneratedhis client.
 {¶ 4} Defendant argues that the trial court erred in dismissing his petition for postconviction relief because he presented evidence in the form of an affidavit from a witness which would have implicated a different person for the shooting death of the victim. He argues that this evidence would be sufficient to persuade a jury that the members of the opposing gang, who were driving in a white car, actually fired the shot which killed the victim. He notes that his conviction was based on circumstantial evidence and believes that this new evidence would have resulted in his acquittal.
 {¶ 5} Defendant erroneously claims that defense counsel never investigated this witness, although the witness's affidavit states that he discussed the case with defendant's counsel prior to trial and offered to testify at trial on defendant's behalf. Defendant also claims that defense counsel did not subpoena this witness for trial. Both the state and the defense, however, subpoenaed this witness, but neither chose to present him.
 {¶ 6} First, is the question whether this issue is res judicata. In his direct appeal, defendant assigned ineffective assistance of counsel as an error, which assignment this court overruled. Generally, an issue which was or could have been raised on direct appeal is not appealable in a petition for postconviction relief, because it is barred by res judicata.State v. Steffen (1994), 70 Ohio St.3d 399, 410. If an ineffective assistance of counsel issue concerns a matter outside the record, however, the appellate court could not consider it on direct appeal because the court can only consider matters contained in the record. State v. Smith (1985),17 Ohio St.3d 98, 101, fn. 1. Although ineffective assistance of counsel ordinarily should be raised on direct appeal, therefore, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record. This principle applies even when the issue of ineffective assistance of counsel was raised on direct appeal. Id.
 {¶ 7} Defendant argues that the affidavit of the witness is a matter outside the record and therefore was not appropriate for direct appeal. This is technically true, because the actual affidavit was not sworn until after defendant's trial. Defendant fails to allege, however, that the information provided in the witness's affidavit was not available at the time of his trial or his direct appeal. In fact, the witness states in the affidavit that he "told Attorney Jeff Slavin that I was available to testify" for defendant. He also states that he told counsel that "the occupants in the white car [belonging to the rival gang] shot at the house" where the victim was killed and "that [defendants] were running in the opposite direction of the house seconds before the occupants in the white" car began shooting. Defense counsel, therefore, had evidence prior to trial concerning the substance of the witness's potential testimony.
 {¶ 8} Further, defendant does not state in his affidavit that he himself did not discover this evidence until after the trial. Rather, he states that he asked his "lawyer to call [the witness] to the stand to testify to my innocence at trial but my trial counsel refused to do so." He also states that he informed his attorney prior to trial that this witness "had possible exonerating testimony to give in my case but my counsel refused to even interview him."[1] Defendant has failed, therefore, to present new evidence dehors the record concerning his counsel's actions. This issue could have been raised on direct appeal and is res judicata. Accordingly, this assignment of error is without merit.
 {¶ 9} As a sub-issue of his assignment of error, defendant asks:
Did the trial court error [sic] by failing to order a [sic]evidentiary hearing after appellant made a prima facie showing ofineffective assistance of counsel?
 {¶ 10} Assuming arguendo that this petition were not barred by res judicata, defendant still fails to state grounds for relief, and therefore the trial court did not err in denying a hearing. A trial court is not required to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. The statute specifically reads: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." R.C. 2953.21(E).
 {¶ 11} A petitioner asserting an ineffective assistance of counsel argument in a postconviction relief petition must submit evidence demonstrating counsel's lack of competence and how that lack of competence prejudiced defendant's case. State v. Pankey
(1981), 68 Ohio St.2d 58, 58; State v. Jackson (1980),64 Ohio St.2d 107, syllabus. An attorney is assumed to be competent and to perform his duties ethically and competently. State v. Lytle (1976), 48 Ohio St.2d 391, 396. In order to prove ineffective assistance of counsel, the defendant must show, first, that counsel's performance fell below the generally accepted performance of attorneys, and, second, that but for that substandard performance of counsel, the outcome of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136, syllabus.
 {¶ 12} An attorney's choice of a defense strategy which proves ineffective does not necessarily constitute ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49. That a more effective strategy existed also does not constitute ineffective assistance. Id. As the Clayton Court noted:
`We deem it misleading to decide an issue of competency byusing, as a measuring rod, only those criteria defined as thebest of available practices in the defense field.' * * * [W]e donot think appellee established that there was a substantialviolation of any of defense counsel's essential duties to hisclient. Counsel chose a strategy that proved ineffective, but thefact that there was another and better strategy available doesnot amount to a breach of an essential duty to his client.
Id. at 49, quoting Lytle at 396.
 {¶ 13} Defendant argues that the witness's testimony would have resulted in his acquittal because it would have pointed to another person as the shooter who killed the victim. The decision not to present this witness was a trial tactic on defense counsel's part. Defendant himself had made a statement to the police that he had fired a gun at the white car carrying the rival gang members. He claimed that he was shooting in self-defense and that he did not fire the caliber of gun which killed the victim. Although the police found a shell casing which was the same caliber as the bullet which killed the victim and the shell was found in the yard from which defendant admitted shooting, defendant claimed he was using a different caliber gun. He stated he disposed of his gun the next day. No gun was ever located in this case. Additionally, the caliber of gun defendant fired is inconsequential because with all three codefendants shooting in the same direction, all three were equally liable.State v. Jones, Cuyahoga App. No. 80737, 2003-Ohio-4397 ¶ 62.
 {¶ 14} The witness claimed in his affidavit that he saw defendant running away before any shots were fired. Defendant's own admission that he had fired shots at the rival gang contradicts the witness's statement. The affidavit therefore weakens the self-defense argument which was the basis of defendant's case. The attorney would have jeopardized defendant's self-defense alibi if counsel presented a different theory.
 {¶ 15} We cannot say that defendant presented sufficient evidence to show that he received ineffective assistance of counsel. Because the trial court is not required to hold a hearing if the record does not justify it, the trial court did not err when it ruled on defendant's postconviction relief petition without a hearing. This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Sweeney, J., Concur.
[1] As noted earlier, the witness stated in his affidavit that the attorney did interview him.