JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Goffredo Di Fiore appeals from a guilty finding on a citation for running a red light, in violation of the village of Woodmere Ordinances 313.03. The sole issue on appeal is whether the court erred by denying Di Fiore's pretrial motion to dismiss the charges on speedy trial grounds.[1]
 {¶ 2} A violation of Woodmere Ordinances 313.03 is a first degree misdemeanor.[2] See Woodmere Ordinances 303.99(A)(1). R.C.2945.71(B)(2) states that a person charged with committing a first degree misdemeanor shall be brought to trial within 90 days. The 90-day period began to run on August 30, 2006, the date on which the case was transferred to the municipal court. See R.C. 2945.72(F); City ofBrecksville v. Cook, 75 Ohio St.3d 53, 1996-Ohio-171, syllabus ("The transfer of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a `removal' within the meaning of R.C.2945.72(F), and the period *Page 4 
of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court."). The court tried Di Fiore on October 18, 2006, well within the 90-day speedy trial period.
 {¶ 3} Di Fiore argues that the 90-day time period for first degree misdemeanors does not apply. He maintains that the court sentenced him as though he had committed a minor misdemeanor, so the 30-day time period for minor misdemeanors set forth in R.C. 2945.71(A) should have been applied to calculate the correct speedy trial time.
 {¶ 4} The court's decision to sentence Di Fiore as though he were a minor misdemeanant did not affect the classification of the offense as a first degree misdemeanor. Unlike felony sentences in which the various degrees of an offense have different upper and lower limits, misdemeanor sentences only differentiate the maximum limits on sentences or fines by restricting the court to sentencing to "not more than" a maximum jail term or dollar amount. While a person found guilty of committing a first degree misdemeanor can be fined "not more than one thousand dollars," see R.C. 2929.28(A)(2)(a)(1), the court can, in its discretion, impose a fine less than that maximum amount. The court's decision to sentence Di Fiore as though he had committed a minor misdemeanor did not change the degree of the offense from a first degree misdemeanor.
 {¶ 5} It is of no consequence that the record shows the court purported to deny Di Fiore's October 17, 2006, jury demand on grounds that he had been *Page 5 
charged with a minor misdemeanor and was not entitled to a jury trial. Di Fiore filed his jury demand out of rule because he filed it just one day before trial. Crim.R. 23(A) states that a jury demand in a petty offense case must be filed 10 days prior to the date set for trial, or on or before the third day following receipt of the notice of the date set for trial, whichever is later. Regardless whether the court acted under the misapprehension that the charged offense was a minor misdemeanor, the court properly rejected the jury demand.
 {¶ 6} In any event, the court's decision to sentence Di Fiore as though he had committed a minor misdemeanor inured to Di Fiore because he was arguably assessed a lesser fine. A violation of Woodmere Ordinances 313.03 meant that Di Fiore was subject to being fined not more than $1,000 and sentenced to not more than 180 days in jail. See R.C. 2929.24(A)(1) and 2929.28(A)(2)(a)(i). The court's decision to sentence him as though he had committed a minor misdemeanor meant that Di Fiore would not be subject to any jail time and that he could be fined not more than $150. See R.C. 2929.28(A)(2)(a)(v). Hence, there is no prejudice shown from the court's action.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] The village argues that the issues raised in this appeal are moot because Di Fiore paid the fine levied against him. In In re S.J.K.,114 Ohio St.3d 23, 2007-Ohio-2621, the syllabus states: "The imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." The docket shows that two points were assessed against Di Fiore, in conformance with R.C.4510.036(C)(13). That being the case, we find that the points were a collateral disability and that Di Fiore's payment of the fine imposed in this case does not render this appeal moot.
[2] Although R.C. 4511.12(B) makes the failure to obey a traffic control device a minor misdemeanor, that classification is not binding on municipalities. The supreme court has held that a municipal ordinance may impose a greater penalty than the corresponding state statute as long as the municipal ordinance does not elevate the degree of punishment from a misdemeanor to a felony. Niles v. Howard (1984),12 Ohio St.3d 162; Cleveland v. Barnes (1984), 17 Ohio App.3d 30. *Page 1