OPINION
{¶ 1} Plaintiff-appellant, Ricky Kurt Wassenaar ("appellant"), appeals from the judgment of the Ohio Court of Claims, whereby the court overruled appellant's objections to a magistrate's decision and, as a result, adopted the magistrate's decision that: (1) defendant-appellee, the Ohio Department of Rehabilitation and Correction ("DRC"), had authority to withdraw from appellant's prison account to satisfy a restitution *Page 2 
order against appellant from an Arizona court; and (2) DRC employees and officers implicated in appellant's Court of Claims action are immune from personal civil liability.
 {¶ 2} In June 2005, the Superior Court of Arizona, Maricopa County, convicted appellant on crimes related to a prison riot. The Arizona court sentenced appellant to a prison term and ordered appellant to pay restitution for damages stemming from the riot. In ordering restitution, the Arizona court stated:
 IT IS ORDERED [appellant] shall pay through the Clerk of the Superior Court:
 RESTITUTION: $626,383.36 to the * * * victim(s) * * *:
 * * *
 Payment shall be 30% of [appellant's] earnings while incarcerated at the Arizona Department of Corrections.
(DRC's Exhibit A.) Thereafter, the Arizona Department of Corrections arranged for appellant to serve his prison term in an Ohio prison under DRC's control in accordance with R.C. 5120.50, the Interstate Correction Compact.
 {¶ 3} After appellant entered the Ohio prison system, DRC began withdrawing money from appellant's prison account to cover the restitution ordered by the Arizona court. Appellant filed grievances against such action through the prison grievance procedures, contending that the Arizona court order did not allow DRC to withdraw money from his prison account. Thereafter, DRC affirmed its decision to withdraw money from appellant's account. Appellant then filed suit in the Court of Claims alleging that DRC unlawfully withdrew money from his account. Appellant sought reimbursement of the withdrawn money and an injunction prohibiting DRC from withdrawing additional money. Appellant also sought adjudication on whether immunity *Page 3 
applied to particular officers and employees of DRC who, according to appellant, were involved in the money withdrawal process.
 {¶ 4} The Court of Claims held a trial before a magistrate. The magistrate heard testimony, and appellant submitted exhibits into evidence. In particular, appellant submitted his grievance-related documents. In one such document, appellant alleged to DRC:
 * * * [I]t is apparent that [DRC] officials are acting in a malicious, vindictive, and retaliatory manner, and are doing so with knowledge that such seizure of my $ is in violation of the law, which makes [DRC] officials personally liable in the court of law * * * The Court order is * * * clear: "Payment shall be 30% of (my) earning[s] while incarcerated at [the Arizona Department of Corrections.]" Because I am not "at" [the Arizona Department of Corrections], [DRC] has no jurisdiction nor authority to seize any of my monies * * *
(Emphasis omitted.) (Appellant's Exhibit 7.) In addition, appellant submitted a letter that he wrote to DRC's former director, Reginald Wilkinson, wherein he told Wilkinson that DRC "officials have, and continue to violate the law, the [Arizona] court's order, as well as my legal rights." (Appellant's Exhibit 9.) Likewise, appellant submitted into evidence a "Decision of the Chief Inspector on a Grievance Appeal," wherein the "Chief Inspector" reviewed appellant's grievance and noted that an official for DRC contacted DRC's legal counsel, and legal counsel advised that "`[t]he judgment limiting payment to 30% of [appellant's] earnings while incarcerated at the Arizona Department of Corrections does not apply because he is not incarcerated at the Arizona DOC, but rather at the ODRC "(Appellant's Exhibit 8.) Moreover, appellant submitted DRC's document on the "Collection Process for a Court Order to Pay a Stated Obligation." (Appellant's Exhibit 1.) The document detailed how R.C. 5120.133 and Ohio Adm. Code *Page 4 5120-5-03 authorized DRC officers and employees to collect court-ordered debt from an inmate's prison account.
 {¶ 5} DRC submitted the Arizona court restitution order into evidence. DRC also submitted into evidence documents indicating that it satisfied portions of the court-ordered debt through money from appellant's prison account.
 {¶ 6} Ultimately, the magistrate concluded that the officers and employees alleged by appellant to have been involved in the money withdrawal process were immune from personal civil liability. Therefore, the courts of common pleas would not have jurisdiction over any related civil action pertaining to such individuals. The magistrate also concluded that DRC had authority to withdraw from appellant's prison account in compliance with the Arizona court order, but the magistrate specified that, under the Arizona order, DRC only had authority to withdraw appellant's "`earnings.'" The magistrate reached that conclusion recognizing that:
 The transfer of inmates [like appellant] into Ohio from other states is governed by R.C. 5120.50, which provides, in relevant part:
 "(D) PROCEDURES AND RIGHTS
 "* * *
 "(6) All inmates who may be confined in an institution pursuant to the provisions of [the Interstate Correction Compact] shall be treated in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution. The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." * * *
(Emphasis omitted.) *Page 5 
 {¶ 7} The magistrate then acknowledged that appellant "testified that the money that [DRC] withdrew from his account was sent to him by family members and was thus not `earnings.'" The magistrate ordered DRC to reimburse the withdrawn money. The magistrate concluded that appellant was entitled to an injunction prohibiting DRC from "withdrawing money from [appellant's] account in excess of 30 percent of the money [appellant] earns while in the custody and control of [DRC]."
 {¶ 8} Thereafter, appellant filed objections to the magistrate's decision. Specifically, appellant objected to the magistrate's conclusion that the pertinent DRC officers and employees were immune from personal civil liability in the restitution matter. In addition, appellant objected to the magistrate's conclusion that the Arizona restitution order allowed DRC to withdraw from appellant's prison account. Appellant argued that, under the Arizona restitution order, he was only required to pay restitution "`while incarcerated at the Arizona Department of Corrections.'" (Emphasis omitted.)
 {¶ 9} The Court of Claims overruled appellant's objections and adopted the magistrate's decision. In doing so, the court noted:
 * * * First, [appellant] objects to the magistrate's recom mendation that [DRC] employees be granted civil immunity. [Appellant] did not provide the court with a transcript to support his objection. Accordingly, [appellant's] first objection is OVERRULED.
 {¶ 10} In overruling appellant's objection regarding DRC's authority to comply with the Arizona restitution order, the court acknowledged both the above-noted language in R.C. 5120.50(D) of the Interstate Correction Compact, and R.C. 5120.133, which:
 * * * [Authorizes [DRC] to withdraw money from inmates' accounts and provides, in part: *Page 6 
 "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department."
 {¶ 11} The Court of Claims then concluded:
 Based upon the plain language of the statutes, the court finds that [DRC's] duties under R.C. 5120.50 do not conflict with its obligations under R.C. 5120.133. [DRC] may withdraw money from [appellant's] account pursuant to R.C. 5120.133 "upon receipt of a certified copy of the judgment of a court of record." * * *
 {¶ 12} Appellant appeals, raising two assignments of error:
 [1.] The Court of Claims erred in overruling Appellant's objection to the magistrate's conclusion of law regarding immunity of DRC officials. The Court applied an incorrect rule requirement.
 [2.] The Court of Claims['] judgment supersedes the limitations of the Arizona Sentencing Court's order of restitution, for which the Court lacks jurisdiction.
 {¶ 13} We begin with appellant's second assignment of error. In it, he argues that the Court of Claims erred by overruling his objection to the magistrate's decision that DRC has authority to withdraw from appellant's prison account to satisfy the Arizona court order of restitution. We disagree.
 {¶ 14} We will not disturb a court's decision to adopt a magistrate's decision absent an abuse of discretion. Burkart v. Burkart,173 Ohio App.3d 252, 2007-Ohio-3992, ¶ 20. An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable decision. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. *Page 7 
 {¶ 15} Here, appellant argues that the Arizona court ordered appellant "to pay restitution `while incarcerated at the Arizona [Department of Corrections].'" Thus, according to appellant, the Arizona court order precluded DRC from withdrawing from his prison account for payment on the restitution because appellant was incarcerated in Ohio's prison system and not at the Arizona Department of Corrections.
 {¶ 16} However, appellant misconstrues the Arizona court order. Court orders are to be construed in the same manner as other written documents, therefore, the order should be considered in its entirety so that the judgment may be reasonably interpreted. Community Life Ins. Co.v. Boren (July 28, 1994), Cuyahoga App. No. 66193. Contrary to appellant's assertions, the Arizona court order makes no mention of appellant paying restitution only while incarcerated at the Arizona Department of Corrections. Rather, analyzing its plain language, the Arizona court order imposes a restitution obligation that appellant must satisfy, and the order only makes qualifications on how appellant is to satisfy that obligation while incarcerated at the Arizona Department of Corrections, i.e., "30% of [appellant's] earnings while incarcerated at the Arizona Department of Corrections." (DRC's Exhibit A.) Thus, pursuant to the Arizona court order, appellant has a court-ordered restitution obligation, and R.C. 5120.133, as detailed above, authorizes DRC to withdraw money from appellant's prison account for satisfaction of the court-ordered debt. Accordingly, we conclude that the Court of Claims did not abuse its discretion in overruling appellant's objection to the magistrate's decision that DRC had authority to withdraw from appellant's prison account to satisfy the Arizona court order. Therefore, we overrule appellant's second assignment of error. *Page 8 
 {¶ 17} We next address appellant's first assignment of error. In it, he argues that the trial court erred in overruling his objection to the magistrate's decision that DRC employees and officers implicated in appellant's Court of Claims action are immune from personal civil liability. We disagree.
 {¶ 18} As an initial matter, despite our conclusions regarding appellant's second assignment of error, we will review appellant's immunity issue because the Court of Claims adopted the magistrate's decision that DRC wrongfully withdrew non-earnings from appellant's prison account, and DRC has filed no cross-appeal challenging that decision. The issue of immunity for a state employee or officer is a question of law. Nease v. Med. College Hosps., 64 Ohio St.3d 396, 400,1992-Ohio-97. However, consideration of the specific facts is necessary.Young v. The Univ. of Akron, Franklin App. No. 04AP-318, 2004-Ohio-6720, ¶ 13.
 {¶ 19} Here, the Court of Claims overruled appellant's objection to the magistrate's decision on the immunity issue because "[appellant] did not provide the court with a transcript to support his objection." Appellant argues that, despite such a lack of transcript, the court nonetheless had sufficient evidence to conclude that DRC officers and employees are not immune from personal civil liability for wrongfully withdrawing money from his prison account.
 {¶ 20} As an example, appellant asserts that the evidence demonstrates that DRC withdrew money from his account without following the necessary protective procedures. In particular, Ohio Adm. Code 5120-5-03(C) states, in pertinent part, that before DRC withdraws money from an inmate's prison account, pursuant to a court order, "the warden's designee shall promptly deliver to the inmate adequate notice of *Page 9 
the court-ordered debt and its intent to seize money from his/her personal account." Appellant notes that DRC admitted in an interrogatory that "[p]rior to the * * * seizures from [appellant's] account, [DRC] staff did not provide [appellant] with notice of its intent to seize the monies." However, the interrogatory was not part of the record from the Court of Claims. As it was not part of the record, we may not consider it on appeal. App.R. 9; Paulin v. Midland Mut. Life Ins. Co. (1974),37 Ohio St.2d 109, 112; City of Upper Arlington v. Cook (Apr. 18, 2000), Franklin App. No. 99AP-251; Tallis v. Woodrun Place Unit Owners'Assn., Franklin App. No. 05AP-969, 2006-Ohio-3267, ¶ 49.
 {¶ 21} In further pointing out the non-compliance with protective procedures, appellant claims that he submitted into evidence Exhibit 11, a document from DRC entitled "Collection Process for a Court Order to Pay a Stated Obligation," which indicates that, upon receipt of court orders specifying money owed from inmates, DRC must determine "whether the documents facially comply with legal authority." (Appellant's Exhibit 11.) Similarly, Ohio Adm. Code 5120-5-03(C) states, in pertinent part:
 When a certified copy of a judgment from a court of proper jurisdiction is received directing the DRC to withhold funds from an inmate's account, the warden's designee shall take measures to determine whether the judgment and other relevant documents are facially valid. * * *
Appellant then contends that the "testimony" demonstrates that DRC officers and employees failed to take measures to realize the inappropriateness of their conduct in taking money from appellant's prison account. However, we cannot consider such an argument for numerous reasons. First, the cited testimony is not part of the record before us because appellant has not provided us a transcript in accordance with App.R. *Page 10 
9(B), and appellant provided no App.R. 9(C) or (D) statement of proceedings in lieu of a transcript. In addition, as the court stated in the decision below, appellant failed to provide the trial court a copy of the transcript. We may not consider evidence not considered by the trial court. See Bell v. Holden Surveying, Inc., Carroll App. No. 01 AP 0766, 2002-Ohio-5018, ¶ 14, 23, 25; Tallis at ¶ 49. Regardless, we further note that, as held below, the purported non-compliance with protective procedures does not, by itself, establish that DRC officers and employees are not immune from personal civil liability.
 {¶ 22} Next, appellant asserts that in the grievance related documents he supplied to DRC, and admitted into evidence, appellant notified DRC that its employees and officers were wrongfully withdrawing money from his prison account. Appellant then argues that, despite such notice and despite the language in the Arizona court order that limits the manner in which DRC may withdraw money from appellant's prison account, DRC officials and employees unlawfully withdrew money from his account, as affirmed by the trial court when it concluded that DRC wrongfully withdrew non-earnings from appellant's prison account. In this regard, appellant argues that DRC officers and employees are not immune because they purposely ignored the mandates of the Arizona court order.
 {¶ 23} "[I]t has * * * generally been the common law in Ohio that the rule that officers may not be held accountable for errors of judgment does not apply to ministerial acts except as such may be of a quasi-judicial nature. Prior to any enactment to the contrary, a public officer could have been liable to an individual for damages for a violation or neglect of the officer's duty." Scot Lad Foods, Inc. v.Secretary of State (1981), 66 Ohio St.2d 1, 8. Here, appellant argues that DRC officers and employees *Page 11 
were performing a ministerial duty in withdrawing money from his prison account pursuant to a court order, and that, therefore, the individuals are not immune for their wrongfully withdrawing money from his prison account.
 {¶ 24} However, R.C. 9.86 abrogated the above-noted common law with respect to state officers and employees and "broadened" immunity for state officers and employees. Scot Lad Foods, Inc. at 9. R.C. 9.86
states:
 Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton reckless manner.
 {¶ 25} Thus, generally, under R.C. 9.86, a state officer or employee who acts in the performance of his or her duties is immune from liability. Thomson v. Univ. of Cincinnati College of Medicine (Oct. 17, 1996), Franklin App. No. 96API02-260. Furthermore, pursuant to R.C.9.86, the immunity issue does not hinge on the mere fact that an employee or officer acted "wrongfully," "even if the act is unnecessary, unjustified, excessive, or improper." Thomson. Rather, under R.C. 9.86, if the state officer or employee "acts manifestly outside the scope of his or her employment or acts with malicious purpose, in bad faith, or in a wanton or reckless manner, the employee will be liable in a court of general jurisdiction." Thomson.
 {¶ 26} Here, while the trial court concluded that DRC employees and officers wrongfully withdrew money (non-earnings) from appellant's prison account, the record is devoid of evidence establishing, as R.C.9.86 requires, that DRC employees and *Page 12 
officers acted "manifestly outside the scope of" their employment, or acted "with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 27} Conversely, DRC personnel are authorized to withdraw money from an inmate's prison account to satisfy the inmate's court-ordered debts. See Appellant's Exhibit 11; R.C. 5120.133. Moreover, DRC officers and employees did nothing nefarious with the money it withdrew from appellant's account; they applied the money to the Arizona court-ordered debt against appellant.
 {¶ 28} Lastly, in arguing against immunity for DRC officers and employees, appellant seemingly claims that the Arizona court order created a "constitutionally protected liberty interest[ ]" when it specified certain limitations on the restitution collection and that DRC officers and employees contravened that liberty interest when they wrongfully withdrew money from his prison account. Appellant's constitutional claim is not actionable in the Court of Claims. SeeDeavors v. Ohio Dept. of Rehab. Corr. (May 20, 1999), Franklin App. No. 98AP-1105; Gangale v. Bur. of Motor Vehicles, Franklin App. No. 01AP-1406, 2002-Ohio-2936, ¶ 54. Thus, we decline to consider the constitutional argument in our R.C. 9.86 immunity analysis.
 {¶ 29} In the end, we reiterate that the mere fact that DRC officers and employees wrongfully withdrew money (non-earnings) from appellant's prison account, without more, does not establish that such individuals are not immune from personal civil liability under R.C. 9.86. SeeThomson. In accordance with R.C. 9.86, we hold that the DRC officers and employees at issue here are immune because the record is devoid of evidence that they withdrew money from appellant's prison account by acting *Page 13 
"manifestly outside the scope of" their employment, or "with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 30} Accordingly, we conclude that the Court of Claims did not abuse its discretion in overruling appellant's objection to the magistrate's decision that DRC officers and employees are immune from personal civil liability. Therefore, we overrule appellant's first assignment of error.
 {¶ 31} In summary, we overrule appellant's first and second assignments of error.
Thus, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1