OPINION
{¶ 1} Defendant-appellant, Joseph S. Streb, appeals the judgment of the Franklin County Municipal Court, which convicted appellant of speed, a minor misdemeanor, in violation of Section 73.15 of the Dublin City Code of Ordinances.
 {¶ 2} On August 8, 2007, appellant received a speed citation in Dublin, Ohio. The citation indicated that a city of Dublin police officer used a laser speed reading device to measure appellant's speed as 70 m.p.h. in a 55 m.p.h. zone. On the citation, *Page 2 
the officer referred to the laser as "LIDAR#UX008692." The citation also issued a summons for appellant to appear in court if appellant chose to contest it.
 {¶ 3} Appellant contested the citation, and his case was scheduled for proceedings in the Dublin Mayor's Court. Meanwhile, on August 11, 2007, appellant requested discovery from plaintiff-appellee, the City of Dublin. Appellant requested, in part, operation manuals and calibration records for the laser. Appellant also made a general reference to wanting "any [and] all documents and things."
 {¶ 4} On August 21, 2007, at appellant's request, the Dublin Mayor's Court transferred the speed case to the trial court. That same day, appellant pleaded not guilty through an arraignment with the trial court. While doing so, appellant asserted his right to speedy trial, which, under R.C. 2945.71 et seq., generally requires that a trial for minor misdemeanors be held within 30 days from summons or arrest.
 {¶ 5} Appellant's case was set for trial on September 6, 2007. However, a September 7, 2007 journal entry indicates that the trial had been continued to October 25, 2007. The parties did not submit on appeal a transcript of proceedings covering the trial court's decision to grant the continuance, but the September 7, 2007 journal entry states that appellant requested the continuance.
 {¶ 6} Also, on September 7, 2007, appellant filed a motion to compel discovery and a motion for sanctions because, according to appellant, appellee had not complied with appellant's discovery request. Appellant noted:
 On September 6, 2007, the action came on for trial before this Court. Prior to commencement of trial, [appellant] made several motions relating to failure of [appellee] to provide discovery. [Appellant] moved to dismiss the action because [appellee] had not complied with his Rule 16 Demand For *Page 3 
Disclosure, particularly with respect to the requests for information about the speed measuring device and its calibration. The Court ordered [appellee] to produce these items of information. [Appellee] did produce some of the information; however, there were questions, including without limitation, as to whether the information produced applied to the actual speed measuring device utilized.
 The court granted a continuance to [appellee] to comply with [appellant's] Demand for Discovery, and the trial was re-set for October 24, 2007.
Appellant then reiterated his request for "operation manuals * * * regarding the speed recording device" and "records of * * * calibration of the speed recording device." Thus, appellant asked the trial court to order appellee "to produce * * * the information requested * * * and the case should be dismissed if this is not done."
 {¶ 7} On October 25, 2007, appellant filed a motion to dismiss the case because, according to appellant, the trial court violated appellant's speedy trial rights, and appellee failed to comply with appellant's discovery request. The trial court did not rule on the motion to dismiss, but continued the trial to November 1, 2007, over appellant's objection. The parties did not submit a transcript covering the trial court's decision to continue the trial, but appellant noted in his motion to dismiss that "it has come to the attention of the defense that * * * the officer who issued the citation may not be available to testify on October 25, 2007."
 {¶ 8} On November 1, 2007, appellant again filed a motion to dismiss for reasons stated in his previous dismissal motion. In this motion to dismiss, appellant contended that, although he filed a motion to dismiss on October 25, 2007, he withdrew the motion that same day. *Page 4 
 {¶ 9} On November 1, 2007, the trial court held proceedings that were transcribed and made part of the appellate record. During the proceedings, the parties discussed appellant's motion to dismiss. Appellant first reiterated that appellee failed to comply with the discovery request. The parties acknowledged that appellee had previously brought discovery on the original trial date, September 6, but appellant argued that the discovery was incomplete. In particular, appellant contended that appellee brought the wrong manual for the laser device used to measure his speed. Appellant stated that the citation referenced a "LIDAR" speed reading device, but the manual pertained to the "Ultra[L]ight speed reading device." (Tr. 2.)
 {¶ 10} In response, appellee explained that "LIDAR" simply refers to the laser technology used with all speed measuring devices, including the UltraLite. Appellee stated that the citing officer used the UltraLite unit to measure appellant's speed and that the officer brought the UltraLite unit and its corresponding manual on the first trial date.
 {¶ 11} Appellee also noted its objection to appellant's motion to dismiss. Appellee argued that it had provided discovery to appellant by making all discovery available to him "at the courthouse now" and at the Dublin Police Department. (Tr. 8.)
 {¶ 12} The trial court overruled appellant's motion to dismiss, concluding that appellee "provided [appellant] with all discoverable evidence" and concluding that appellant's speedy trial rights were not violated, given that speedy trial time was tolled for a period after the September 2007 continuance, which the court granted at appellant's request. (Tr. 9.) Thereafter, appellant pleaded no contest to the speeding violation. Appellee then recited the complaint and circumstances of the speed offense. *Page 5 
Specifically, appellee stated that, when the Dublin police officer first noticed appellant, the officer visually estimated appellant's "speed to be over and above the posted speed limit of 55 miles per hour." (Tr. 12.) The police officer "activated the laser unit in his cruiser, and the laser unit informed [the police officer] that [appellant's] speed was 70 miles per hour in that 55 mile per hour zone." (Tr. 12.) The trial court accepted the facts and convicted appellant of speed.
 {¶ 13} Appellant appeals, raising three assignments of error:
 I. THE TRIAL COURT ERRED IN VIOLATING APPELLANT'S SPEEDY TRIAL RIGHTS.
 II. THE TRIAL COURT ERRED IN PROCEEDING TO TRIAL WHEN THE PROSECUTION HAD NOT PRODUCED REQUESTED INFORMATION.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR BY RECEIVING EX PARTE OFF RECORD EVIDENCE REGARDING THE SPEED READING DEVICE FROM THE CITING POLICE OFFICER JUST PRIOR TO COMMENCING THE TRIAL.
 {¶ 14} Initially, we recognize that appellant has filed two motions concerning his appeal. First, appellant filed a motion to strike the following from the appendix to appellee's brief: (1) handwritten notes from the citing officer; and (2) an affidavit certifying the calibration of the laser. Appellant contends that these items were not made part of the trial court record. As appellant asserts, we cannot consider items not properly made part of the record. App. R. 9; Paulin v. Midland Mut.Life Ins. Co. (1974), 37 Ohio St.2d 109, 112; Wassenaar v. Ohio Dept. ofRehab. Corr., Franklin App. No. 07AP-712, 2008-Ohio-1220, ¶ 20. *Page 6 
 {¶ 15} In response, appellee moves that we supplement the record with the above items. Appellee contends that the officer made the notes at the traffic stop. In addition, appellee argues that it introduced the calibration affidavit into evidence at the November 1, 2007 proceedings.
 {¶ 16} In regard to the officer's notes, we deny appellant's motion to strike, and we deem moot appellee's motion to supplement, because the notes are in the trial court file. In regard to the calibration affidavit, we grant appellant's motion to strike, and we deny appellee's motion to supplement, because, while appellee may have referenced the affidavit at the November 1, 2007 court proceedings, there are no indications that the trial court admitted the affidavit into evidence.
 {¶ 17} Appellant's next motion concerns a statement of evidence he submitted, pursuant to App. R. 9(C), which provides:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
 {¶ 18} Appellant's App. R. 9(C) statement provides:
 Prior to the commencement of the trial set for November 1, 2007, the citing police officer gave the trial judge an off-record *Page 7 
demonstration of the speed-reading device alleged to have been used with respect to this case.
 Appellant asserts this is contrary to his rights and unduly prejudiced the court.
Appellant served a copy of the statement on appellee, and appellee has filed no objections to the statement. At oral argument, appellee clarified that, while it did not object to appellant's statement that an ex parte communication occurred between the trial court and the officer, it did not agree that the communication resulted in prejudice to appellant.
 {¶ 19} In providing the App. R. 9(C) statement, appellant has moved that we "determine the record and matters related" to the proposed statement. Appellant filed the motion, pursuant to App. R. 9(E), which states:
 If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.
 {¶ 20} As appellant acknowledges, the trial court has not approved appellant's statement as App. R. 9(C) requires. Approval may be lacking because the judge who heard appellant's case vacated the bench thereafter. In Brooklyn v. Seiber (Dec. 22, 1994), Cuyahoga App. No. 65212, the defendant submitted on appeal an App. R. 9 statement not approved by the trial court. The appellate court noted that the trial court *Page 8 
presumably did not approve the statement because the judge had retired from the bench. Nevertheless, the appellate court accepted the statement for consideration, recognizing that the prosecution did not object to the statement and citing "the interests of justice and the fundamental tenet of judicial review in this state that cases should be decided on their merits."
 {¶ 21} Here, we similarly recognize interests of justice and the desire to decide cases on their merits. We acknowledge that the trial court could not have considered appellant's statement because the trial judge was no longer on the bench. We also recognize that appellee does not object to the statement being used on appeal as evidence that an ex parte communication concerning the laser device occurred between the trial court and the citing officer. We leave for our determination, however, whether the communication resulted in prejudice to appellant. With this limitation, we accept appellant's App. R. 9(C) statement for purposes of appeal.
 {¶ 22} We now examine the merits of appellant's assignments of error. In his first assignment of error, appellant argues that the trial court violated appellant's speedy trial rights under Ohio's speedy trial statutes, R.C. 2945.71 et seq. We disagree.
 {¶ 23} Under Ohio's speedy trial statutes, a trial court shall discharge a defendant if the trial court and prosecution fail to bring the defendant to trial within the time required by R.C. 2945.71 and2945.72. See R.C. 2945.73(B). The Supreme Court of Ohio has "imposed upon the prosecution and the trial courts the mandatory duty of complying with" the speedy trial statutes. State v. Singer (1977),50 Ohio St.2d 103, 105. Thus, courts must strictly construe these statutes against the state. Brecksville v. Cook, 75 Ohio St.3d 53, 57,1996-Ohio-171. Additionally, speedy trial issues present *Page 9 
mixed questions of law and fact. State v. Hiatt (1997),120 Ohio App.3d 247, 261. Therefore, we "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Hiatt at 261, citing State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136.
 {¶ 24} "[W]hen a defendant moves for discharge on the basis that he has not been brought to trial within the time limits set forth in [the speedy trial statutes], and he presents a prima facie case that he is entitled to discharge, the burden of production of evidence shifts to the state." State v. Price (1997), 122 Ohio App.3d 65, 68, citingState v. Butcher (1986), 27 Ohio St.3d 28, 30-31; State v. Elliott, Franklin App. No. 03AP-605, 2004-Ohio-2134, ¶ 9. The state must then prove that the speedy trial statutes sufficiently extended the time for which a defendant could be brought to trial. Price at 68;Elliott at ¶ 9.
 {¶ 25} Generally, under R.C. 2945.71(A), a trial court must try a defendant charged with a minor misdemeanor within 30 days from the summons or arrest. Here, appellant entered a no contest plea and did not take his case to trial. Thus, to comply with the speedy trial statutes, the trial court needed to determine appellant's guilt or innocence on the no contest plea within 30 days after appellant's summons, unless circumstances existed to extend time under the speedy trial statutes. See State v. Mintz (1991), 74 Ohio App.3d 62, 69; State v. Madden, Franklin App. No. 04AP-1228, 2005-Ohio-4281, ¶ 28.
 {¶ 26} Here, the date of the summons was August 8, 2007. Speedy trial time was initially extended from August 8, 2007 to August 21, 2007, when the mayor's court transferred appellant's case to the trial court. SeeBrecksville at 59. Thus, the 30-day *Page 10 
speedy trial time period actually began to run on August 21, 2007. SeeVillage of Woodmere v. Di Fiore, Cuyahoga App. No. 89026,2007-Ohio-5327, ¶ 2.
 {¶ 27} By entry dated September 7, 2007, the trial court continued appellant's trial until October 25, 2007. Appellant argues that this continuance did not toll speedy trial time because it resulted from appellee's failure to comply with appellant's discovery request. If the trial court grants a motion compelling the prosecution to comply with a discovery request or if the trial court grants a continuance due to the prosecution's delay in complying with a discovery request, the resulting continuance is charged against the prosecution, and, thus, does not toll speedy trial time, if the prosecution willfully delayed in complying with the discovery request and if the delay prejudiced the defense.State v. Wiest, Hamilton App. No. C-030674, 2004-Ohio-2577, ¶ 22. If, as appellant argues, the September 2007 continuance did not toll speedy trial time, appellant's rights under R.C. 2945.71(A) are implicated because the time of that continuance alone, from September 6, 2007 to October 25, 2007, exceeds the requisite 30 days. Thus, we consider whether the September 2007 continuance tolled the speedy trial time.
 {¶ 28} Appellant argued at the November 1, 2007 proceeding that appellee ignored his discovery request for operation manuals and calibration records for the laser. Appellant argued that these documents were necessary for trial preparation. Appellant also complained that appellee produced the laser for the first time at the November 1, 2007 proceeding.
 {¶ 29} Crim. R. 16 governs discovery and applies to proceedings for traffic violations. See Traf. R. 11(B)(2)(b). Crim. R. 16(B) states, in pertinent part: *Page 11 
 (B) Disclosure of evidence by the prosecuting attorney
 (1) Information subject to disclosure.
 * * *
 (c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense * * *.
(Emphasis sic.)
 {¶ 30} While Crim. R. 16(B)(1)(c) references a court ordering a prosecuting attorney to comply with a discovery request, the Supreme Court of Ohio has emphasized that the discovery rules under Crim. R. 16 do not allow a party to wait until a court orders compliance.Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 4. Rather, Crim. R. 16(A) states that "[u]pon written request each party shall forthwith provide the discovery * * * allowed." Thus, the mandate of Crim. R. 16 is clear. "Lawyers should not expect that the routine, mandatory duty of `forthwith' providing discovery is dependent upon prodding by a court."State v. Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, ¶ 20.
 {¶ 31} Appellee contends that the laser, operation manual, and calibration records were not discoverable under Crim. R. 16. However, appellee has forfeited that argument because it failed to utilize the proper channels to object to the discovery request, e.g., through a Crim. R. 16(E)(1) protective order. See State v. Mabry, Montgomery App. No. 21569, 2007-Ohio-1895, ¶ 31, citing State v. Parks (Aug. 15, 1990), Montgomery App. No. 12067 (stating that, "[p]ursuant to Crim. R. 16[E][1], either party may move the court for a protective order restricting or limiting discovery in any *Page 12 
manner the court may deem appropriate to serve the ends of justice." However, neither party is authorized to ignore a discovery request in contravention of discovery rules "for reasons the party alone deems sufficient").
 {¶ 32} Appellee also contends that "[a]ppellant could have obtained this information at any time prior to trial through the Dublin Police Department." State v. Thurman (June 28, 1995), Montgomery App. No. 14741, is in accord. In Thurman, a defendant was convicted of operating a vehicle under the influence of alcohol after the defendant took a breathalyzer test that demonstrated he was driving with a prohibitive amount of alcohol in his system. The defendant filed a motion to compel discovery of documents from the prosecution. At a hearing on the motion, the prosecution indicated that some of the requested documents were available for inspection at the highway patrol post where the breath test was administered. The trial court denied the motion to compel, indicating that the defendant was made aware that some of the discovery was available for inspection.
 {¶ 33} On appeal, the defendant argued that the trial court's decision to deny the motion to compel contravened Crim. R. 16 and denied the defendant an opportunity to present a complete defense. The appellate court rejected the defendant's arguments. The appellate court noted that Crim. R. 16(B)(1)(c) applied because appellant requested documents from appellee. Crim. R. 16(B)(1)(c) states, in pertinent part, that the prosecuting attorney must permit the defendant to inspect or copy documents and tangible objects, available to or within the possession, custody or control of the state, that are material to the presentation of his defense. The appellate court found that, even though the defense did not attempt to inspect the records, they were available for *Page 13 
inspection. In short, "[t]he prosecution was not required to physically deliver the documents to defense counsel." Thurman.
 {¶ 34} As in Thurman, the issue here is whether appellant had been given the opportunity to inspect the laser, calibration logs, and operation manual. Like the defendant in Thurman, appellant had the opportunity to inspect the items at the Dublin Police Department, but did not avail himself of the opportunity before the September 6, 2007 trial date. At oral argument on appeal, appellant briefly indicated that he tried to inspect the items at the police department, but that he was unsuccessful because the police department was unresponsive. However, the record before the trial court contains no such information, and we cannot consider it. App. R. 9; Paulin at 112; Wassenaar at ¶ 20; see, also, State v. Jones, Cuyahoga App. No. 83601, 2004-Ohio-3868, ¶ 6, citing State v. Smith (1985), 17 Ohio St.3d 98, 101, fn. 1 (recognizing that in a direct appeal, an appellate court can only consider matters contained in the record).
 {¶ 35} On these grounds, we reject appellant's contention that appellee's failure to produce discovery precluded his speedy trial time from tolling. In so concluding, we note that, in his reply brief, appellant raises for the first time on appeal the issue of the prosecution's duty under Crim. R. 16(B)(1)(b) and (e) to actually furnish, respectively, a defendant's prior criminal record and the names, addresses, and prior convictions of the prosecution witnesses. However, this argument is not properly before us. Appellant's merit brief only specifically mentioned appellee not complying with discovery "with respect to the requests for information about the speed measuring device and its calibration." Thus, we need not consider appellant's additional arguments. See State v. Peagler (1996), 76 Ohio St.3d 496,499 (recognizing an appellate court's authority *Page 14 
under App. R. 12[A][2] to address or disregard issues that an appellant has not properly briefed or assigned). Additionally, the issue of discovery violations under Crim. R. 16(B)(1)(b) and (e) is not properly before us because the record contains no evidence of these violations. See App. R. 9; Paulin at 112; Wassenaar at ¶ 20; Jones at ¶ 6. Accordingly, we limit our analysis to issues relating to the laser, calibration logs, and operation manual.
 {¶ 36} Returning to the trial court's September 7, 2007 journal entry, we note that the entry states that appellant requested the continuance. Under R.C. 2945.72(H), the time within which a defendant must be brought to trial is extended by "[t]he period of any continuance granted on the accused's own motion." To the extent that appellant may argue that the journal entry does not accurately reflect what occurred when the trial court ordered the September 2007 continuance, we note the absence of a transcript of those proceedings. Thus, we must presume the regularity of proceedings surrounding the trial court's decision to issue the continuance. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 37} In State v. Willis (Mar. 22, 2002), Wood App. No. WD-01-009, a defendant, on appeal, argued that a trial court's journal entry inaccurately indicated that the defense requested a continuance and, thus, the defendant argued that the trial court improperly tolled speedy trial time during the period of the continuance. The appellate court noted the absence of a record on the proceedings resulting in the continuance. Presuming the regularity of the proceedings, the appellate court concluded that the trial court properly tolled speedy trial time during the period of the continuance. See, also, State v. Robinson, Franklin App. No. 01AP-1005, 2002-Ohio-2090, ¶ 16 (holding that, *Page 15 
because "no transcripts were provided for the hearings when continuances were granted, we presume the trial court was correct in its findings that appellant waived his right to a speedy trial for each of the continuances"). Here, as in Willis and Robinson, and in accordance withKnapp, we must conclude that the trial court's September 2007 journal entry accurately depicts appellant's request for a continuance. Therefore, pursuant to R.C. 2945.72(H), we conclude that appellant's request for a continuance tolled the time between September 6, 2007 and October 25, 2007.
 {¶ 38} The trial court also granted a continuance from October 25, 2007 to November 1, 2007, at appellee's request. Appellant's trial court filings suggested that the citing officer was unavailable for the October 25, 2007 trial. The unavailability of a prosecution's witness may be an appropriate ground for a continuance that tolls speedy trial time under R.C. 2945.72(H) as a "period of any reasonable continuance granted other than upon the accused's own motion." See, also, State v.Staffin, Ross App. No. 07CA2967, 2008-Ohio-338, ¶ 12. However, for a prosecution's continuance to trigger the R.C. 2945.72(H) "reasonable continuance" tolling provision, the journal entry, or at a minimum, the record, must specify the reasons for the continuance. SeeStaffin at ¶ 11. Here, we have no record documents, transcripts or journal entries confirming why the trial court granted the continuance for appellee. Thus, the asserted lack of availability does not apply to toll speedy trial time on appellee's October 2007 request. SeeStaffin at ¶ 11.
 {¶ 39} Pursuant to R.C. 2945.72(E), discovery requests may also constitute tolling events. However, a discovery request tolls the speedy trial period only for the *Page 16 
time it would reasonably take the prosecution to respond to that request. Staffin at ¶ 14; State v. Lair, Franklin App. No. 05AP-1083,2006-Ohio-4109, ¶ 19.
 {¶ 40} Here, appellant made a discovery request on August 11, 2007. We attribute no tolling time to this request, however, as appellant made the request ten days prior to the start of the statutory 30-day period.
 {¶ 41} Motions to dismiss may also constitute tolling events under R.C. 2945.72(E). However, a motion to dismiss tolls the speedy trial period only for the time it takes the court to rule on the motion. SeeState v. Bickerstaff (1984), 10 Ohio St.3d 62, 67 (holding that a defendant's motion to dismiss tolls speedy trial time under R.C. 2945.72[E] for the period it takes the trial court to rule on the motion). Here, appellant filed motions to dismiss on October 25, 2007 and November 1, 2007. The court denied appellant's motions on November 2, 2007. However, we need not determine whether one or both of these motions applies to toll the speedy trial time. Assuming, for purposes of argument, that no time tolled as a result of appellant's motions to dismiss, the court met the 30-day deadline, as follows.
 {¶ 42} Appellant's speedy trial time began to run on August 21, 2007, when the Dublin Mayor's Court transferred his case to the trial court and appellant entered his no-contest plea. Thereafter, 16 days passed to the originally scheduled September 6, 2007 trial date. Because appellant requested a continuance on September 6, speedy trial time tolled between September 6, 2007 and October 25, 2007. Eight days passed from October 25, 2007 to November 1, 2007, when the trial court determined appellant's guilt. Thus, calculating speedy trial time that did not toll under R.C. 2945.72, at most, it took the trial court 24 days to determine appellant's guilt from the no-contest plea. *Page 17 
Because the trial court concluded the matter within 30 days, we hold that the trial court did not violate appellant's speedy trial rights, and we overrule appellant's first assignment of error.
 {¶ 43} In his second assignment of error, appellant argues that the trial court erred by not dismissing his speed case for appellee's discovery violations. Because we have found no discovery violations, we overrule appellant's second assignment of error.
 {¶ 44} In his third assignment of error, appellant argues that we must reverse his conviction because the trial court had an ex parte conversation with the officer who issued the speeding citation against appellant. We disagree.
 {¶ 45} Again, to support his third assignment of error, appellant has supplied an App. R. 9(C) statement, which states:
 Prior to the commencement of the trial set for November 1, 2007, the citing police officer gave the trial judge an off-record demonstration of the speed-reading device alleged to have been used with respect to this case.
 Appellant asserts this is contrary to his rights and unduly prejudiced the court.
 {¶ 46} Appellant concedes that the plain error standard applies because he did not object to the ex parte conversation. According to the plain error doctrine, enunciated in Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." State v.Barnes (2002), 94 Ohio St.3d 21, 27. Under the plain error standard: *Page 18 
 * * * First, there must be an error, i.e., a deviation from a legal rule. * * * United States v. Olano (1993), 507 U.S. 725, 732
* * * (interpreting Crim. R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain. To be "plain" within the meaning of Crim. R. 52(B), an error must be an "obvious" defect in the trial proceedings.
 * * * [S]ee, also, Olano, 507 U.S. at 734 * * * (a plain error under Fed.R.Crim.P. 52[b] is "`clear' or, equivalently, `obvious'" under current law). Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. * * *
Id.
 {¶ 47} The Supreme Court has also stated that, even if a forfeited error satisfies the three prongs of the plain error doctrine, "Crim. R. 52(B) does not demand that an appellate court correct it. Crim. R. 52(B) states only that a reviewing court `may' notice plain forfeited errors; a court is not obliged to correct them." Id. See, also, State v.Martin, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 52 (Moyer, C.J., concurring) (recognizing that, "[e]ven if the defendant establishes that plain error affected his substantial rights, the appellate court need not necessarily reverse the judgment of the trial court"). Thus, the Supreme Court has "admonish[ed] courts to notice plain error `with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" Barnes at 27, quoting State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Reversing on plain error without considering such exceptional circumstances "`encourages litigants to abuse the judicial process and bestirs the public to ridicule it.'" See Johnson v. United States
(1997), 520 U.S. 461, 470, quoting R. Traynor, The Riddle of Harmless Error 50 (1970). *Page 19 
 {¶ 48} In State v. Hamm (Oct. 8, 1992), Franklin App. No. 92AP-216, a prosecutor, outside the presence of the defendant and his counsel, presented the trial court with evidence for its review. The evidence was not admitted at trial. We held that "[w]here the court privately reviews evidence material to a pending case * * * outside the presence of both the accused and his counsel, prejudice will be presumed especially where, as here, such evidence is not presented at trial." We then held that, under the specific facts in Hamm, because neither the evidence nor the ex parte communication was available for review, the state had failed to counter the prima facie showing of prejudice that attaches to the trial court's improper conduct. Id. Thus, we reversed the defendant's conviction, noting that "[t]his court is required to reverse criminal or civil judgments where the trial court's conduct or remarks created the appearance of probable bias or prejudice." Id.
 {¶ 49} It is unclear from Hamm whether if, unlike here, the defendant objected to the trial court's ex parte conduct. Again, here, appellant's failure to object triggered the plain error doctrine. Similarly, inHerring v. Ruhl (Mar. 13, 1992), Shelby App. No. 17-91-16, the appellate court concluded that the plain error doctrine applied to a judge's ex parte communication with the jury during jury deliberations. The appellate court stated:
 Because appellants were informed of the ex parte communication during the jury's deliberations and failed to object or otherwise call such error to the trial court's attention by timely objection, or other appropriate action, we do not find exceptional circumstances nor a manifest miscarriage of justice that warrants the invocation of the plain error doctrine. * * *
(Emphasis omitted.) Id. *Page 20 
 {¶ 50} First, from appellant's 9(C) statement, we only know that some kind of informal demonstration occurred. We do not know how long this demonstration lasted or the substance of any communication that accompanied it. While we do not condone the trial court's actions, we have no reason to believe that the court and the officer engaged in any discussion about appellant or his case, or that the demonstration biased the court for or against appellant. In addition, the ex parte communication between the trial court and the citing officer did not affect the outcome of the speed case because, pursuant to Crim. R. 11(B)(2), when appellant pleaded no contest, he admitted to the truth of the facts alleged in the complaint, i.e., that the laser measured his speed at 70 m.p.h. in a 55 m.p.h. zone. For these reasons, we find no plain error from the ex parte communication, and we overrule appellant's third assignment of error.
 {¶ 51} In summary, we overrule appellant's first, second, and third assignments of error. We also grant appellant's App. R. 9(E) motion, subject to the noted limitation. We deny in part and grant in part appellant's motion to strike items from the appendix to appellee's brief. And we deem moot in part, and we deny in part, appellee's motion to supplement the record. Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1