JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Larry McQueen (appellant) appeals from the trial court's decision finding him guilty of aggravated robbery, aggravated burglary, kidnapping and felonious assault, and sentencing him to 18 years in prison. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} In the early morning hours of August 17, 2003, appellant went to Michael Harris' (the victim) house, with a gun in his hand, and demanded that the victim pay him money or give him drugs. Appellant was with two other males. They forcefully entered the house and threatened to shoot the victim. Appellant and the other two individuals hit the victim, knocked him down the stairs, and placed a gun inside his mouth. The group then stole walkie-talkies and tools from the victim and left the house saying they would be back for the drugs or the money. When appellant came back at a later time, the victim called the police. The victim subsequently identified appellant as being one of the intruders.
 {¶ 3} On February 2, 2004, appellant was indicted for one count of aggravated robbery in violation of R.C. 2911.01; one count of aggravated burglary in violation of R.C. 2911.11; one count of kidnapping in violation of R.C. 2905.01; and one count of felonious assault in violation of R.C. 2903.11. All counts included firearm specifications in violation of R.C. 2929.141 and 2929.145. On August 12, 2004, appellant waived his right to a jury trial. On the same day, the court found appellant guilty on all counts. On August 17, 2004, the court sentenced appellant to ten-year sentences on counts one, two and four, to run concurrently; a five-year sentence on count three and a three-year sentence on the gun specifications, both to run consecutive to the ten years, for a total of 18 years in prison.
 II. {¶ 4} In his first assignment of error, appellant argues that "the verdicts are against the weight of the evidence." Specifically, appellant argues that the victim's testimony was not credible enough for the fact finder to find appellant guilty beyond a reasonable doubt.
 {¶ 5} The proper test for an appellate court reviewing the manifest weight of the evidence is as follows:
"The court, reviewing the entire record, weighs the evidence and all the reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
State v. Martin (1983), 20 Ohio App.3d 172, 175. The trier of fact is entitled to believe or to not believe the witness' testimony. A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.State v. Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 6} The state put forth evidence that appellant and others came to the victim's residence, forced their way into his home, held him at gunpoint, pushed him down the stairs and hit him, then ransacked his house, looking for drugs or money. To support this, the victim testified as to what happened to him; a Cleveland police officer testified as to the incident report that the victim filed; and the police photographic lineup that the victim identified appellant from was offered into evidence. On the other hand, appellant took the stand in his own defense and testified that what happened on the night in question was nothing more than a drug deal gone bad, where he and the victim got into a minor fistfight.
 {¶ 7} In reaching a verdict in the instant case, the trial court stated the following, addressing appellant directly:
"I do not believe you. While your story did come out, some of your statements were against interest: You admitted being a drug dealer; you admitted dealing in more than one type of drug; you admitted dealing that evening; you admitted using pagers, having codes, and doing all the things that all of us that deal with this regularly know that drug dealers do.
"Now, further, I can conceive of no motive for why the victim would have made this up. The victim's story itself makes good sense to me and your story just simply doesn't."[1]
 {¶ 8} It was within the province of the trial court to believe the victim's version of the incident over appellant's, and we do not see this as an exceptional case where the evidence weighs heavily against the conviction. Appellant's first assignment of error is overruled.
 III. {¶ 9} In his second assignment of error, appellant argues that "the trial court's assigning of the maximum sentence for counts one, two and four are void or voidable as these sentences are not authorized by law." Appellant's argument that his maximum sentence violates the United States Supreme Court's decision inBlakely v. Washington (2004), 530 U.S. 466, 124 S.Ct. 2531, has been addressed in this court's en banc decision of State v.Lett (May 31, 2005), Cuyahoga App. Nos. 84707, 84729. In Lett,
we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule appellant's second assigned error.
 IV. {¶ 10} In his third and final assignment of error, appellant argues that "the trial court erred by sentencing the appellant to a consecutive term of incarceration." Specifically, appellant makes two different arguments: first, that the trial court did not make the statutory findings required to impose consecutive sentences and second, that these statutory findings should be made by a jury rather than the court. We reject appellant's second proposition for the same reasons put forth in his second assignment of error.
 {¶ 11} According to R.C. 2929.14(E)(4), a trial court may impose consecutive sentences for convictions of multiple offenses only if it makes certain findings listed in the statute and gives its reasoning supporting those findings. The pertinent parts of the statute read as follows:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or * * * was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.14(E)(4).
 {¶ 12} In the instant case, the court noted the following findings and reasoning on the record:
"You have been sentenced twice before. He has eight different cases, he has twice been to the institution. It would appear to me, I don't know what his juvenile record is, but he spent a substantial portion of the six years that he's been an adult institutionalized.
* * *
"I can say that I thought this was the most aggravated case I personally have seen in six years since I got here. They broke into this gentleman's house at night and put a gun, not just to his head, but in his mouth; then pulled the hammer back to the gun and they threatened to kill him.
"The victim in this case was terrified. I guess that was an understatement, to the extent that he wet himself. He wound up in a corner of his basement and sobbed. A complete and utterly appropriate response, I think, to what had happened to him. It was the worst form of aggravated burglary I can conceive of and the worst form of aggravated robbery and kidnapping that I can conceive of."[2]
 {¶ 13} We have consistently held that R.C. 2929.14(E) does not require the court to parrot the exact words of the statute when making the required findings nor when listing the reasons to support the findings. See State v. Bobbit, Cuyahoga App. No. 81999, 2003-Ohio-3024; State v. Williams, Cuyahoga App. No. 81949, 2003-Ohio-3950; State v. Smith (2000),136 Ohio App.3d 343. In the instant case, the court reasoned that consecutive sentences were necessary because of the severity of the offenses. The court also noted that appellant had a lengthy criminal history, having been imprisoned for a substantial portion of his adult life. Although the court did not use the words "protect the public" or "punish the offender," we conclude that the reasoning the court did note on the record supports both of these findings. Additionally, the court did not specifically discuss "proportionality"; however, the court concluded that the danger of defendant's conduct justified consecutive sentences. The record of appellant's sentencing hearing demonstrates that the trial court aligned the reasoning with the findings mandated by R.C. 2929.14(E)(4), and complied with both the intention and the spirit of consecutive sentencing requirements. Appellant's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Corrigan, J., concur.
[1] Tr. at 145-46.
[2] Tr. at 156-57.