JOURNAL ENTRY AND OPINION
{¶ 1} Appellent, Larry McQueen, pro se, appeals from the decision by the Cuyahoga County Court of Common Pleas that denied his petition for postconviction relief. Finding no error in the proceedings below, we affirm.
 {¶ 2} In McQueen's first appeal, State v. McQueen, Cuyahoga App. No. 85330, 2005-Ohio-4013, this court summarized the facts as follows:
 "In the early morning hours of August 17, 2003, appellant went to Michael Harris' (the victim) house, with a gun in his hand, and demanded that the victim pay him money or give him drugs. Appellant was with two other males. They forcefully entered the house and threatened to shoot the victim. Appellant and the other two individuals hit the victim, knocked him down the stairs, and placed a gun inside his mouth. The group then stole walkie-talkies and tools from the victim and left the house saying they would be back for the drugs or the money. When appellant came back at a later time, the victim called the police. The victim subsequently identified appellant as being one of the intruders. * * * [McQueen] took the stand in his own defense and testified that what happened on the night in question was nothing more than a drug deal gone bad, where he and the victim got into a minor fistfight."
 {¶ 3} McQueen was convicted of aggravated burglary, aggravated robbery, felonious assault, and kidnapping, with firearm specifications. He was sentenced to a total of 18 years in prison. This court affirmed McQueen's convictions and sentences. See id. The Supreme Court of Ohio reversed this court's decision regarding McQueen's sentence, and remanded the case to the trial court for resentencing in accordance withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. McQueen was then resentenced.
 {¶ 4} McQueen filed a motion to vacate or set aside sentence/petition for postconviction relief. His petition was denied without hearing. McQueen appeals, *Page 4 
advancing four assignments of error for our review, which are printed from the appellant's brief verbatim and state the following:
 "I. The trial court erred and abused it's discretion when the Court denied the Appellant's Petition to vacate or set aside sentence when the appellant provided operative facts to sustain His petition, and demonstrated a substantial Constitutional violation had occurred during Trial of Ineffective Assistance of Trial Counsel, and Prosecutor misconduct for the Prosecutions withholding of exculpatory evidence, a Brady violation, and the prosecutor's knowing use of false or perjured testimony, when the Trial Court denied the Appellant's Petition it denied the Appellant Due Process of Law and Fair Trial/Hearing, rights guaranteed under the United States Constitution's fifth, Sixth and Fourteenth Amendments.
 "II. The Trial Court erred and abused it's discretion by not holding a hearing to allow the Defendant-Appellant to further develop and substantiate his claims/grounds fully by examining witnesses, and Trial Counsel, thus denying the Appellant's Constitutional right to a Fair Trial/hearing-Due Process-Equal Protection guaranteed by the United States Constitutions Fifth, Sixth and Fourteenth Amendments, and Ohio's Art I, section 10 and 16 Constitution.
 "III. The Defendant-Appellant was denied Effective Assistance of Counsel when Counsel hired by the Defendant-Appellant's family members, for perfecting a Petition to vacate or set aside sentence, did not attach all pertinent records of the Defendant-Appellant's Trial for the Trial Court review in determining the merit's of the Appellant's Petition to vacate or set aside sentence, when the transcripts of Mr. Harris during the Appellant's Trial were quoted, but not attached to the petition, thus resulting in a denial of Effective Assistance of Counsel as guaranteed by the Sixth Amendment of the U.S. Constitution and Ohio's Art I, section 10 and 16, Constitution.
 "IV. The Trial Court erred and abused it's discretion by not following the dictates of R.C. 2953.21(C), which mandates that when reviewing the Petition to vacate or set aside sentence the Trial Court must review the record, Court Reporter's transcripts *Page 5 etc., when the Trial Court issued an Order/Opinion, or Decision that based it's lack of reaching the Merits of the Petition because the Petitioner did not attach portions of the transcripts from His own Trial, transcripts that were filed in the record over two years ago and available to the Trial Court to determine the claims/grounds raised within the Petition being Ineffective Assistance of Trial Counsel and Prosecutor Misconduct, thus the Appellant's fair Trial and Due Process rights were violated under the United States Constitution, and Ohio's Art. I, sections 10 and 16 Constitutions."
 {¶ 5} Since all of McQueen's claims are interrelated and because he argues them collectively in each assigned error, they will be addressed together.
 {¶ 6} Initially, we note that a trial court is not required to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. The statute specifically reads: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." State v. Jones, Cuyahoga App. No. 83601,2004-Ohio-3868; R.C. 2953.21(E). McQueen argues that the prosecutor withheld exculpatory evidence, specifically the transcript of the victim's testimony from the trial of McQueen's co-defendant, violatingBrady v. Maryland (1963), 373 U.S. 83. He also argues that his attorney was ineffective because he failed to present the victim's transcript at trial, which would have affected the victim's credibility. Further, McQueen contends that his attorney was ineffective for failing to attach portions of the victim's testimony at trial to the petition. *Page 6 
 {¶ 7} The trial court ruled that there was no Brady violation because the transcript was available to McQueen.
 {¶ 8} To establish a claim under Brady, a defendant must establish the following facts: (1) the prosecutor suppressed evidence; (2) such evidence was favorable to the defense; and (3) the suppressed evidence was material. Carter v. Bell (6th Cir. 2000), 218 F.3d 581, 601, citingMoore v. Illinois (1972), 408 U.S. 786, 794-95. "The inquiry is objective, independent of the intent of the prosecutors." Id., citingBrady, 373 U.S. at 87. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome of the proceeding." United States v.Bagley (1985), 473 U.S. 667, 676. Furthermore, there is noBrady violation "where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information or where the evidence is available * * * from another source, because in such cases there is really nothing for the government to disclose." Coe v. Bell (6th Cir. 1998), 161 F.3d 320, 344, certiorari denied, 528 U.S. 842 (1999) (citation and internal quotation marks omitted).
 {¶ 9} The rationale underlying Brady does not require the state to supply a defendant with all the evidence in the state's possession that might conceivably assist with the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence known only to the state. State v. Hughes (Nov. 4, 1993), Cuyahoga App. No. 62884. *Page 7 
 {¶ 10} In this case, we agree with the trial court that the victim's prior testimony was available to McQueen. McQueen was not denied access by the state to exculpatory evidence. Further, there is no indication that the transcript contained exculpatory evidence. Consequently, there was no Brady violation.
 {¶ 11} McQueen next argues that his attorney was ineffective because he failed to obtain the transcript of the victim's testimony in the co-defendant's trial. He argues that the victim's testimony was inconsistent and that would have impacted the victim's credibility.
 {¶ 12} A petitioner asserting an ineffective assistance of counsel argument in a postconviction relief petition must submit evidence demonstrating counsel's lack of competence and how that lack of competence prejudiced defendant's case. State v. Jones, supra, citingState v. Pankey (1981), 68 Ohio St.2d 58. Petitioner must show that counsel's performance fell below the generally accepted performance of attorneys and but for the substandard performance of counsel, the outcome of the trial would have been different. Id., citing State v.Bradley (1980), 42 Ohio St.3d 136, syllabus.
 {¶ 13} McQueen did not meet his burden. He did not show that his attorney's performance was substandard or that the outcome of the trial would have been different. McQueen was tried to the bench, and after the trial the court specifically said to McQueen: "I don't believe you. * * * further, I can conceive of no motive for why the victim would have made this up. The victim's story itself makes good sense to me and your story simply doesn't." The inconsistencies pointed out by McQueen *Page 8 
are of little or no consequence. The trial court did not believe McQueen's testimony regarding what happened, and none of the inconsistencies lend support to McQueen's rendition or undermine the victim's story. Consequently, we cannot see how the outcome of the trial would have been different.
 {¶ 14} McQueen also argues that his attorney was ineffective because he failed to attach the transcript of the victim's testimony from his trial to his petition for postconviction relief. McQueen's attorney attached only the victim's testimony from the trial of McQueen's co-defendant. Alternatively, McQueen argues that the victim's testimony was part of the record and should have been reviewed by the trial court.
 {¶ 15} Again we reiterate that McQueen was not prejudiced by the failure of his attorney to include that transcript or by the failure of the court to review the transcript that was part of the record, because the petition set forth the inconsistencies but could not show that the outcome of the trial would have been different. As a result, we find that the trial court did not err in denying McQueen's petition without a hearing.
 {¶ 16} Accordingly, we overrule McQueen's four assignments of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and MARY EILEEN KILBANE, J., CONCUR *Page 1